## DENIS PIERI *v.* CITY OF BRISTOL
### (14232)

Argued February 14—officially released October 15, 1996

*Alfred F. Morrocco, Jr.*, with whom, on the brief, was *Thomas Conlin*, for the appellant (plaintiff).

*Matthew E. Karanian*, for the appellee (defendant).

LANDAU, J. The plaintiff, Denis Pieri, appeals from the judgment, rendered after a jury trial, in favor of the city of Bristol. In his complaint, the plaintiff alleged that he was appointed to the position of fire marshal in January, 1982, and, for approximately eleven years, the city failed to compensate him. On appeal, the plaintiff claims that the trial court improperly (1) refused to

allow a plaintiff's witness to testify to establish the city's intent to enter into an implied contract with the plaintiff and (2) instructed the jury as to the statute of limitations governing the plaintiff's claim. We affirm the judgment of the trial court.

The jury could reasonably have found the following facts. The plaintiff became a firefighter for the city of Bristol in 1972. On January 4, 1982, the plaintiff was appointed to the positions of fire marshal and fire prevention officer. At the time of his appointment, the plaintiff was paid an annual salary of $20,161. The position of fire prevention officer is a designated union position pursuant to the labor contract between Local 773 of the International Association of Firefighters and the city. The position of fire marshal is not included in the labor contract.[1]

In October, 1988, the plaintiff engaged attorney Stephen Duffy, a former city councilman, to represent him in his efforts to assert a claim for remuneration against the city. In separate demand letters received by the city personnel director and the city fire chief, the plaintiff sought remuneration from the city for his services as fire marshal. The letters indicated that, as fire prevention officer and fire marshal, the plaintiff believed he held two separate and distinct positions within the fire department and that any compensation he had received was "strictly for his work under the title of fire prevention officer." In August, 1992, the plaintiff reiterated his demand for remuneration in follow-up letters to the personnel director, the fire chief and the mayor.

Following the city's refusal to provide additional compensation, the plaintiff brought this action sounding in

---

[1] The basis of the plaintiff's complaint was that he held and performed the duties of two distinct positions, but was paid for only one. The city's position was that the plaintiff held only one position with two titles.

breach of implied contract seeking, inter alia, back pay for the entire time he served as fire marshal. In its answer to the complaint, the city denied the plaintiff's allegations and asserted two "special defenses": (1) that the plaintiff's claims were barred by the applicable statute of limitations pursuant to General Statutes § 52-596, and (2) that the plaintiff received payment for all work performed. The jury returned a general verdict in favor of the defendant and neither party filed interrogatories seeking the jury's answers to specific questions addressed to the pleadings. The plaintiff did not file any motions addressed to the verdict.

I

In his first claim, the plaintiff contends that the trial court improperly precluded Duffy from testifying. The plaintiff argues that Duffy, who was a city councilman at the time the plaintiff was appointed as fire marshal, would have established that the city intended to provide separate compensation to the plaintiff in his capacity as fire marshal in addition to the salary he received as fire prevention officer. The plaintiff asserts that Duffy's testimony was crucial to his claim because it would have enabled the jury to make an "informed decision" of whether the city entered into an implied contract with the plaintiff.

Following an offer of proof, the trial court found that Duffy's testimony would merely establish that the plaintiff had attempted to negotiate a settlement with the city regarding his claim for compensation. The court further found that, although Duffy was present at the council meeting in which the plaintiff was sworn in and voted to approve the plaintiff's appointment, his testimony was not probative of the city's intent regarding the plaintiff's compensation. For that reason, and because the plaintiff's demand letters were already in

evidence, the court ruled that Duffy's testimony would be irrelevant and cumulative.

When we review a trial court's rulings concerning the admissibility of evidence, we will set aside such rulings only upon a showing of a clear abuse of discretion. *Hall* v. *Burns*, 213 Conn. 446, 451, 569 A.2d 10 (1990); *Coble* v. *Maloney*, 34 Conn. App. 655, 661, 643 A.2d 277 (1994); *In re Bassel C.*, 33 Conn. App. 90, 95, 633 A.2d 733 (1993). We note that, notwithstanding the plaintiff's failure to file a motion to set aside the verdict, our standard of review is plenary. In *Santopietro* v. *New Haven*, 239 Conn. 207, 211–21, 682 A.2d 106 (1996), our Supreme Court concluded that properly preserved claims of error need not be presented a second time in a motion to set aside the verdict to be afforded plenary review. We therefore afford the plaintiff's claim plenary review.

Our review of the record reveals that the trial court did not abuse its discretion. In the offer of proof, Duffy was questioned thoroughly by the plaintiff's counsel, by counsel for the city, and by the trial court. The sum and substance of Duffy's testimony would have been that he was a councilman at the time the plaintiff was appointed to the position of fire marshal, he was present at the council meeting when the plaintiff was sworn in, he voted to approve the appointment, and that the budgeted salary for the fire marshal position was $20,161. Duffy's testimony was devoid of any information that would have enabled the jury to draw an inference regarding the city's intent. Thus, we conclude that the trial court properly excluded Duffy's testimony.

We are convinced that the trial court properly exercised its discretion in ruling to preclude Duffy's testimony.

## II

In his second claim, the plaintiff asserts that the trial court improperly instructed the jury that the appropriate statute of limitations in this case was two years pursuant to General Statutes § 52-596.[2] Because we conclude that the general verdict rule operates in this case, we do not reach the merits of the plaintiff's claim.[3]

"The general verdict rule provides that, where a jury returns a general verdict in favor of a party, and no party submits special interrogatories, an appellate court properly presumes that the jury found in favor of the prevailing party on every issue. . . . The rule applies whenever a verdict for one party could reasonably be rendered on one or more . . . distinct defenses." (Citations omitted; internal quotation marks omitted.) *O'Brikis* v. *Supermarkets General Corp.*, 34 Conn. App. 148, 151, 640 A.2d 165 (1994).

"In *Curry* v. *Burns*, [225 Conn. 782, 801, 626 A.2d 719 (1993)], our Supreme Court limited the application of the general verdict rule to five categories: (1) denial of separate counts of a complaint; (2) denial of separate defenses pleaded as such; (3) denial of separate legal theories of recovery or defense pleaded in one count or defense . . . (4) *denial of a complaint and pleading*

[2] General Statutes § 52-596 provides in pertinent part: "No action for the payment of remuneration for employment payable periodically shall be brought but within two years after the right of action accrues . . . ."

[3] The basis of the plaintiff's claim is that, because the position of fire marshal is administrative and professional in nature, he is an "exempt employee" within the meaning of §§ 31-60-15 and 31-60-16 of the Regulations of Connecticut State Agencies. The plaintiff argues that, as an exempt employee, his claim is not governed by the two year statute of limitations as the court charged; rather the applicable statute of limitations governing this implied contract action was six years pursuant to General Statutes § 52-576.

*of a special defense*; and (5) denial of a specific defense, raised under a general denial, that had been asserted as the case was tried but that should have been specially pleaded." (Emphasis in original; internal quotation marks omitted.) *O'Brikis* v. *Supermarkets General Corp.*, supra, 34 Conn. App. 151–52.

This case falls within the fourth category, the denial of a complaint and pleading of a special defense. In its answer, the city denied the plaintiff's allegations and asserted two "special defenses," which were subsequently denied by the plaintiff. The first special defense asserted that the plaintiff's claims are barred by the two year statute of limitations pursuant to § 52-596. The second special defense asserted that the plaintiff has "received payment for all work performed."

In *Curry*, however, our Supreme Court noted that the general verdict rule should not be applied in cases where various grounds of defense are admissible as mere denials of the complaint. *Curry* v. *Burns*, supra, 225 Conn. 799. Thus, as a threshold issue, although the defendant's answer labeled its defenses "special defenses," we must determine whether the defenses constitute mere denials or whether they allege facts that would show that the plaintiff has no cause of action. See Practice Book § 164. "[I]t is the distinctiveness of the defenses raised, and not the form of the pleading that is the decisive test governing the applicability of the general verdict rule." *Curry* v. *Burns*, supra, 787–88.

With regard to the second special defense, the record reveals that, notwithstanding the number of positions and titles the plaintiff claims to have held, it was the city's position that he was fully compensated for *all services rendered* to the city. Had the city not set up the special defense stating that the plaintiff received

payment for all work performed, at trial the city would have been precluded from introducing evidence tending to prove that, although the plaintiff performed the duties of the fire marshal and the fire prevention officer, he was entitled to only one salary, which he received. " 'The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action. Practice Book § 164.' " *Federal Deposit Ins. Corp.* v. *Napert-Boyer Partnership*, 40 Conn. App. 434, 445, 671 A.2d 1303 (1996). Having failed to allege such facts, the defendant would have been precluded from proving them at the time of trial. "A defendant's failure to plead a special defense precludes the admission of evidence on the subject. *DuBose* v. *Carabetta*, 161 Conn. 254, 261, 287 A.2d 357 (1971)." *Oakland Heights Mobile Park, Inc.* v. *Simon*, 36 Conn. App. 432, 436, 651 A.2d 281 (1994). We conclude, therefore, that the defense of payment was a special defense within the meaning of § 164, and that this case falls within the fourth category of *Curry*—the denial of a complaint and the pleading of a special defense.

In this case, the jury could have reached its general verdict in favor of the defendant on the ground either that the plaintiff failed to prove his prima facie case, or that the defendant proved its special defense of payment. In any event, because neither party filed interrogatories, we must presume that the jury found every issue in favor of the defendant. Accordingly, we hold that the general verdict rule precludes us from reviewing the plaintiff's challenge to the trial court's jury instructions concerning the statute of limitations where it is impossible to tell whether the jury's verdict was based on a finding of an absence of proof as to

the plaintiff's complaint, or on a finding of payment on the part of the defendant. See *O'Brikis* v. *Supermarkets General Corp.*, supra, 34 Conn. App. 153.

The judgment is affirmed.

In this opinion FOTI, J., concurred.

SCHALLER, J., concurring. Although I concur with the result reached by the majority, I respectfully disagree with the analysis in part II of the opinion.

In part II, the majority holds that the general verdict rule precludes this court from reviewing the plaintiff's challenge to the trial court's instruction concerning the applicable statute of limitations. Before concluding that the general verdict rule applies, the majority appropriately first discusses whether the city's special defense operates as a mere denial or whether it is a special defense within the meaning of Practice Book § 164. I disagree with the majority's conclusion that the city's second special defense of payment is a special defense under Practice Book § 164.

In reaching its decision regarding the city's second special defense, the majority determines the basis of the city's position to be that the plaintiff was paid one salary for his duties both as fire marshal and as fire prevention officer. If the majority is correct in making such a determination, payment would, in fact, be a proper special defense, the purpose of which " 'is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action. Practice Book § 164.' " *Federal Deposit Ins. Corp.* v. *Napert-Boyer Partnership*, 40 Conn. App. 434, 445, 671 A.2d 1303 (1996). In my view, however, the basis of the city's defense is not that the plaintiff was compensated for both positions, but, rather, that there never were two distinct positions

for which payment was intended and that the titles of fire marshal and fire prevention officer were simply interchangeable terms used to refer to the same position. Such a defense is inconsistent with the allegations of the plaintiff's complaint and, therefore, operates as a mere denial, not a special defense. Since the general verdict rule should not be applied where various grounds of defense are admissible as mere denials of the complaint; *Curry* v. *Burns*, 225 Conn. 782, 787–88, 801, 626 A.2d 719 (1993); I do not believe that the general verdict rule applies to this case. Consequently, I would reach the plaintiff's claim concerning the applicable statute of limitations.

The resolution of this appeal, however, does not require a review of the merits of that claim. Even if we assume, arguendo, that the trial court applied and instructed the jury on the wrong statute of limitations, any such error, which simply would have reduced the period of time for which the plaintiff could recover payment, would be rendered harmless by virtue of the verdict in favor of the defendant.

Accordingly, I concur in the result.