[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#117)
On September 9, 1996, the plaintiff, Communications Systems Inc., filed an amended complaint against the defendant, Louis Ceruzzi. The plaintiff seeks to foreclose the security interests it holds on three separate notes. These three notes total over one million dollars.
The defendant filed an amended special defense on April 10, 1997. On May 2, 1997, the plaintiff filed this motion to strike with an accompanying memorandum of law. The defendant responded on May 28, 1997 with a memorandum in opposition.
The plaintiff moves to strike the first through the fourth, eighth and ninth special defenses on the ground that "none of these special defenses compl[y] with Practice Book § 164." The plaintiff moves to strike the sixth and seventh special defenses on the ground "that they are improper defenses to the present foreclosure action." The plaintiff moves to strike the first, second, fourth, and sixth through ninth special defenses on the ground "that they are legally insufficient because they lack sufficient facts and/or are unsupported by the subject loan documents." The plaintiff moves to strike the third and fifth special defenses on the ground "that they do not constitute special defenses under Practice Book § 164."
The plaintiff moves to strike the defendant's counterclaims "on the grounds that they are improper counterclaims to the present foreclosure action and they are legally insufficient and fail to state a claim upon which relief can be granted."
Finally, the plaintiff moves to strike the defendant's "prayer for relief which requests dismissal of the [p]laintiff's CT Page 10567 [a]mended [c]omplaint on the [ground] that it is the improper vehicle for seeking dismissal of a claim."
THE SPECIAL DEFENSES
STANDARD
"A motion to strike is the proper vehicle by which to contest the legal sufficiency of any special defense contained in an answer to the complaint." Doran v. Waterbury Parking Authority,35 Conn. Sup. 280, 281, 408 A.2d 277 (1979). "In its ruling on the [plaintiff's] motion to strike, the trial court [has an] obligation to take the facts to be those alleged in the special defenses and to construe the defenses in the manner most favorable to sustaining their legal sufficiency." ConnecticutNational Bank v. Douglas, 221 Conn. 530, 536, 606 A.2d 684 (1992).
Practice Book § 164 states: "No facts may be proved under either a general or special denial except such as show that the plaintiff's statements of fact are untrue. Facts which are consistent with such statements but show, notwithstanding, that he has no cause of action, must be specially alleged. . . ."[1]
"Thus, as a threshold issue, although the defendant's answer labeled its defenses `special defenses,' [the court] must determine whether the defenses constitute mere denials or whether they allege facts that would show that the plaintiff has no cause of action." Pieri v. Bristol, 43 Conn. App. 435, 440, ___ A.2d ___ (1996).
"The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action." FederalDeposit Ins. Corp. v. Napert-Boyer Part., 40 Conn. App. 434, 445,671 A.2d 1303 (1996).
"In a foreclosure action, defenses are generally limited to payment, discharge, release, satisfaction or invalidity of a lien. . . . [O]nly those equitable defenses which attack the making, validity or enforcement of a note or mortgage should be recognized in a foreclosure action." (Citation omitted.) Fleet Mortgage Corp. v. Baccash, Superior Court, judicial district of Waterbury, Docket No. 053127 (Jan. 3, 1997, West, J.).
FIRST SPECIAL DEFENSE CT Page 10568
The defendant's first special defense states that the defendant "has been released from the obligations arising under the [f]irst and [s]econd [n]otes."
"[R]elease . . . must be specially pleaded;" Practice Book § 164; and is a valid defense to a foreclosure action. FleetMortgage Corp. v. Baccash, supra, Superior Court, Docket No. 053127.
In the present case, the defendant's allegation, if proven true, would prevent the plaintiff from prevailing on its cause of action as related to those two notes. Therefore, the defendant's first special defense is a legally sufficient special defense.
The plaintiff argues in support of its motion that (1) "the [d]efendant cannot seek to enforce or otherwise claim the benefit of the [s]ettlement [a]greement because he is in breach thereof"; and (2) "the language of the subject loan documents provide the [p]laintiff with authority to pursue the [d]efendant under the . . . [n]otes." These arguments are irrelevant to a motion to strike, and therefore are unpersuasive.
It is axiomatic that the court may not look past the facts alleged in the pleading subject to the motion to strike. SeeLiljedahl Bros., Inc. v. Grisby, 215 Conn. 345, 348,576 A.2d 149 (1990). "A `speaking' motion to strike (one imparting facts outside the pleadings) will not be granted." Doe v. Marselle,38 Conn. App. 360, 364, 660 A.2d 871 (1995), rev'd on other grounds, 236 Conn. 845, 675 A.2d 835 (1996).
In the present case, the plaintiff's arguments impart facts beyond the questioned special defense and therefore cannot be considered. As discussed supra, release is a valid special defense. Therefore, the plaintiff's motion to strike the first special defense is denied.
SECOND SPECIAL DEFENSE
The defendant's second special defense states that "[t]he alleged defaults under the [f]irst [p]ledge [a]greement are predicated upon contractual obligations which have been displaced and superseded by the [s]ettlement [a]greement."
The plaintiff argues that the defendant fails to allege any facts in support of the second special defense. This argument is CT Page 10569 unpersuasive. The second special defense properly attacks the validity of the notes in question. If the sole fact alleged in the defendant's second special defense is proven true, the plaintiff would be without a cause of action.
The plaintiff also argues that "[t]he express terms of the [s]ettlement [a]greement . . . refute the [d]efendant's allegations." The plaintiff quotes verbatim paragraph thirteen of the settlement agreement.
Recalling that "[a] `speaking' motion to strike (one imparting facts outside the pleadings) will not be granted," Doev. Marselle, supra, 38 Conn. App. 364, the plaintiff's motion to strike the second special defense is denied.
THIRD SPECIAL DEFENSE
The defendant's third special defense states that "the [plaintiff has] failed to state a claim for breach of the [s]ettlement [a]greement insofar as they have not [pleaded] any facts constituting a breach of the covenant to use best efforts."
It is axiomatic that "[t]he proper method to challenge the legal sufficiency of a complaint is to make a motion to strike prior to trial." Gulack v. Gulack, 30 Conn. App. 305, 309,620 A.2d 181 (1993).
In the present case, the defendant improperly uses the special defense as a device by which to attack the legal sufficiency of the plaintiff's complaint. The plaintiff's motion to strike the third special defense, therefore, is granted.
FOURTH AND FIFTH SPECIAL DEFENSE
The defendant's fourth special defense states "[e]ven if the [s]ettlement [a]greement did not supersede the [f]irst [s]ettlement [a]greement, [the defendant] is not in default thereunder insofar as plaintiff's requests for financial information concerning the [o]ther [p]artnerships have been so voluminous as to be commercially unreasonable."
The defendant's fifth special defense states "[e]ven if the [s]ettlement [a]greement did not supersede the [f]irst [s]ettlement [a]greement, [the defendant] is not in default thereunder insofar as management by HEI does not constitute a CT Page 10570 material change in management' of the [l]imited [p]artnerships."
The defendant's fourth and fifth special defenses do not apply one of the limited defenses to foreclosure, nor do they attack the making, validity or enforcement of the subject notes. Further, in the fourth special defense, the defendant fails to allege facts which would indicate that the plaintiff acted unreasonably. The fifth special defense is merely a denial of the plaintiff's allegations. The plaintiff's motion to strike the fourth and fifth special defenses is granted.
SIXTH SPECIAL DEFENSE
The defendant's sixth special defense, as amended, states that the plaintiff waived, or is otherwise estopped from pursuing, any claim of default based on the grounds asserted by the plaintiff in its complaint when (1) it failed to object to the defendant's new management; (2) it failed to inform the defendant that he was deficient in providing information he was contractually required to provide; and (3) it blocked the defendant's efforts to sell his partnership interests.
The plaintiff argues that this special defense is invalid because "it does not relate to the making, validity or enforcement of the subject loan documents."
It is true, as stated supra, that "[a]s a general rule, [the] defenses available in a foreclosure action are limited to payment, discharge, release, satisfaction or invalidity of a lien." People's Bank v. Lucas, Superior Court, judicial district of Waterbury, Docket No. 126390 (Jan. 19, 1996, Kulawiz, J.). However, "[f]oreclosure is an equitable proceeding[.] [T]he court may consider, aside from these specifically enumerated defenses, all relevant circumstances to ensure that complete justice is done. The determination of what equity requires in a particular case is a matter for the discretion of the court." People's Bankv. Lucas, supra, Superior Court, Docket No. 126390.
"Equitable special defenses are . . . limited to those which attack the making, validity or enforcement of the lien, rather than some act or procedure of the lienholder. . . . The rationale behind this is that counterclaims and special defenses which are not limited to the making, validity or enforcement of the note or mortgage fail to assert any connection with the subject matter of the foreclosure action and as such do not arise out of the same CT Page 10571 transaction as the foreclosure action." (Citation omitted; internal quotation marks omitted.) Monument Realty v. Youmatz,
Superior Court, judicial district of Litchfield, Docket No. 071092 (Feb. 18, 1997, Pickett, J.).
"Waiver involves an intentional relinquishment of a known right. . . . There cannot be a finding of waiver unless the party has both knowledge of the existence of the right and intention to relinquish it. . . . Whether conduct constitutes a waiver is a question of fact." (Citations omitted; internal quotation marks omitted.) L R Realty v. Connecticut National Bank,46 Conn. App. 432, 437-8, ___ A.2d ___ (1997).
"[W]aiver does not have to be express, but may consist of acts or conduct from which waiver may be implied. . . . In other words, waiver may be inferred from the circumstances if it is reasonable to do so." New England Savings Bank v. Bedford RealtyCorp., 238 Conn. 745, 756, 680 A.2d 301 (1996).
In the present case, the defendant alleges in its sixth special defense that the past conduct of the plaintiff, regarding the change in management, implicitly waives the plaintiff's ability to claim default based on the defendant's management change. This defense properly attacks the enforceability of the note.
If this foreclosure action was based simply on nonpayment of a debt, this court would probably not consider the sixth special defense valid. Due to the unusual basis for this claim of default (the defendant's management change), the defendant has alleged enough facts in the sixth special defense that, if proven true, would prevent the plaintiff from recovering on its cause of action.
The plaintiff also argues that "the terms of the subject loan documents state that no waiver is effective unless it is in writing." This ground improperly requires the court to consider facts outside the pleading subject to the motion to strike. See discussion, supra.
The plaintiff's motion to strike the sixth special defense is denied.
SEVENTH SPECIAL DEFENSE CT Page 10572
The defendant's seventh special defense states that the "[p]laintiff has breached the covenant of good faith and fair dealing contained in the [l]oan [d]ocuments insofar as it has prevented [the defendant] from selling certain pledged collateral to a ready, willing and able purchaser in order to pay down [the defendant's obligations], if any, under the [t]hird [n]ote."
"Equitable special defenses are permitted but they are limited to those which attack the making, validity or enforcement of the lien, rather than some act or procedure of the lienholder." Monument Realty v. Youmatz, supra, Superior Court, Docket No. 071092.
In the present case, the defendant's seventh special defense attacks the plaintiff's actions. These actions are unrelated to the foreclosure action. This special defense does not attack the making, validity or enforcement of the lien. As such, the plaintiff's motion to strike the seventh special defense is granted.
EIGHTH SPECIAL DEFENSE
The defendant's eighth special defense states only that the "[p]laintiff should be estopped from obtaining any equitable relief under the dirty hands doctrine."
"A motion to strike is properly granted if the [pleading] alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems, Inc. v. BOC Group, Inc.,224 Conn. 210, 215, 618 A.2d 25 (1992).
The defendant does not allege any facts in the eighth special defense, and makes a mere conclusion of law. The plaintiff's motion to strike the eighth special defense is granted.
NINTH SPECIAL DEFENSE[2]
The ninth special defense states that the "[p]laintiff has failed to join certain co-obligors of [the defendant] and has, therefore, failed to join necessary and indispensable parties."
"[T]he exclusive remedy for nonjoinder of parties is by motion to strike. . . . This exclusive remedy applies to nonjoinder of indispensable parties." (Citation omitted; internal quotation marks omitted.) George v. St. Ann's Church,
CT Page 10573182 Conn. 322, 325, 438 A.2d 97 (1980); W.G. Glenney, Co. v. Bianco,27 Conn. App. 199, 202, 604 A.2d 1345 (1992).
Since the exclusive remedy for nonjoinder of indispensable parties is by a motion to strike, nonjoinder is improperly pleaded in the present case as a special defense. The plaintiff's motion to strike the ninth special defense is granted.
COUNTERCLAIMS
"A motion to strike tests the legal sufficiency of a cause of action and may properly be used to challenge the sufficiency of a counterclaim." Fairfield Lease Corp. v. Romano's Auto Service,4 Conn. App. 495, 496, 495 A.2d 286 (1985).
The defendant's counterclaim contains three counts sounding in breach of the covenant of good faith and fair dealing (see discussion, supra, regarding the seventh special defense), tortious interference, and a violation of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a et seq. In essence, the defendant seeks damages for the plaintiff's refusal to grant him permission to sell the plaintiff's security interest. The security interest is a certain partnership interest held by the defendant (subject to the plaintiff's lien). The defendant allegedly wants to liquidate this partnership interest in order to satisfy the debt that the plaintiff seeks to recover. According to the facts alleged in the counterclaim, the plaintiff is withholding from the defendant its permission to sell in order to gain control of the secured partnership interest.
The plaintiff moves to strike all three counts of the counterclaim on the ground that the counts state "improper counterclaims to the present foreclosure action and they are legally insufficient and fail to state a claim upon which relief can be granted."
This court has previously stated that "Practice Book § 116 provides, in pertinent part, `any defendant may file counterclaims against any plaintiff . . . provided that such counterclaim and cross-claim arises out of the transaction or one of the transactions which is the subject of the plaintiff's complaint.'
The test is whether `judicial economy, avoidance of multiplicity of litigation, and avoidance of piecemeal CT Page 10574 disposition of what is essentially one action, are thwarted rather than served by the filing of a [counterclaim].'Wallingford v. Glen Valley Associates, Inc., 190 Conn. 158, 161,459, A.2d 525 (1983) (denying counterclaim sounding in tort in action for foreclosure of tax lien). A court must consider whether a substantial duplication of effort would result if each claim was decided separately. Id.
Some foreclosure proceedings rely on the equitable nature of the proceedings as grounds for allowing counterclaims and defenses not recognized in common law . . . this trend must have a boundary. An analysis of those cases recognizing equitable defenses and counterclaims suggest that they are proper only when they, like their common law counterparts, attack the note itself, rather than some act or procedure by the mortgagor. . . . Courts have not been receptive to foreclosure defendants who have asserted defenses and counterclaims based on factors outside of the note or mortgage. . . ." Source One v. Dziurzynski, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 145337 (May 22, 1996, Hickey, J.).
This court also stated that "[t]he essential issue is whether judicial economy would be thwarted by permitting the claims to be asserted together." Source One v. Dziurzynski, supra, Superior Court, Docket No. 145337. This court noted that "[i]n . . . cases permitting a counterclaim, the agreement at issue was a modification agreement." Id.
In the present case, there is no allegation of a modification agreement involving the disputed third note.[3] Further, the defendant's counterclaim does not attack the making, validity or enforcement of the notes in question. Rather, the defendant's counterclaim attacks the actions of the plaintiff surrounding its refusal to release its security interest. The defendant's counterclaim may very well be actionable. However, it is a separate and distinct cause of action from the plaintiff's foreclosure action.
The defendant admits that his "counterclaims all relate to the refusal of [the plaintiff] to permit [the defendant] to dispose of his interest. . . ." (Defendant's memorandum p. 26.) The defendant contends that this somehow relates to the validity and enforcement of the settlement and first pledge agreement. (Defendant's memorandum, p. 27.) The court disagrees. The counterclaim does not directly relate to the foreclosure action CT Page 10575 brought by the plaintiff. As such, the counterclaim is better suited for a separate law suit. The motion to strike all three counts of the counterclaim (and the prayer for relief) is granted.
In sum, the plaintiff's motion to strike the third, fourth, fifth, seventh, eighth and ninth special defenses, the entire counterclaim, and the prayer for relief is granted. The plaintiff's motion to strike the first, second and sixth special defenses is denied.
HICKEY, J.