[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTIONS TO STRIKE
This action arises out of an alleged collision between a motorboat and, a commercial mooring buoy located in the navigable waters of Long Island Sound near Darien, Connecticut. The collision occurred in October of 1994. The plaintiffs, James and Margaret Butler, have filed an amended complaint against the defendants, Buchanan Marine, Inc., James R. Garadella, and William Cox. The defendant Garadella filed an answer containing eleven special defenses and a counterclaim.
The plaintiffs, James and Margaret Butler filed a motion to strike several of the defendant Garadella's special defenses dated April 15, 1996.[1] The defendant, in addition to objecting to the plaintiffs' motion to strike, has also filed a motion to strike the plaintiffs' amended complaint, which the plaintiffs have opposed.[2]
The defendant initially objects to the plaintiffs' motion based on two procedural reasons: 1) that the plaintiffs' motion to strike is premature because the plaintiffs filed this motion prior to the court granting the plaintiffs' request for leave to amend the complaint dated May 30, 1997, and the defendant has not yet answered the amended complaint; and 2) on January 15, 1998, the defendant filed a motion to strike the plaintiff's amended CT Page 6396 complaint which has not yet been addressed by the court, therefore the defendant is not yet required to file his answer to the plaintiffs' amended complaint.
The defendant's procedural arguments are without merit. Practice Book § 176, now Practice Book (1998 Rev.) §10-60, provides that if no objection to a request for leave to amend is filed within fifteen days from the date that the request is filed, the amendment is deemed filed by consent. A defendant then has ten days in which to amend his original answer and special defenses, and thirty days in which to answer any new counts. See Practice Book § 177, now Practice Book (1998 Rev.) 10-61.
Here, the defendant did nothing following the plaintiffs' amendment until January 15, 1998, nearly eighteen months after the plaintiffs' amended complaint was filed. Therefore, the plaintiffs' amended complaint is deemed filed by consent. Also, the defendant's answer is "regarded as applicable so far as possible to the amended pleading." Practice Book § 177, now Practice Book (1998 Rev.) 10-61.
Since the defendant is already deemed to have filed an answer to the amended complaint, the defendant is barred from filing a motion to strike the same amended complaint. See Practice Book § 112, now Practice Book (1998 Rev.) 10-6 and Practice Book § 113, now Practice Book (1998 Rev.) 10-7. Therefore, the defendant's motion (# 198) to strike me plaintiffs' complaint is denied.[3] The court will now reach the merits of the plaintiffs' motion to strike the defendant's special defenses.
Where a tort "case involves a watercraft collision on navigable waters, it falls within admiralty's domain. . . . With admiralty jurisdiction . . . comes the application of substantive admiralty law." Yamaha Motor Corp., U.S.A. v. Calhoun,516 U.S. 199, 204, 133 L.Ed.2d 578, 116 S.Ct. 619 (1996). The court will, of course, apply this state's procedural rules.
"A motion to strike is the proper vehicle by which to contest the legal sufficiency of any special defense contained in an answer to the complaint." Doran v. Waterbury Parking Authority,35 Conn. Sup. 280, 281, 408 A.2d 277 (1979). "In its ruling on the [plaintiffs'] motion to strike, the trial court [has an] obligation to take the facts to be those alleged in the special defenses and to construe the defenses in the manner most favorable to sustaining their legal sufficiency." ConnecticutCT Page 6397National Bank v. Douglas, 221 Conn. 530, 536, 606 A.2d 684 (1992).
The defendant's first special defense sounds in assumption of the risk. The plaintiffs correctly argue that assumption of the risk is not a proper defense under admiralty law. See De Sole v.United States, 947 F.2d 1169, 1171-74 (4th Cir. 1991). The motion to strike the defendant's first special defense is granted.
The defendant's sixth special defense states: "If the plaintiffs were caused to sustain damages at the time and place set forth in the plaintiffs' complaint through any . . . negligence other than the plaintiffs' own negligence, then such damages were sustained in whole or in part due to the primary and active . . . negligence . . . of other individuals . . . with the negligence of the defendant . . . if any, being secondary, derivative and by operation of law, and by reasons thereof plaintiffs are not entitled to recover from [the] defendant[.]"
The defendant refers to this special defense, in his memorandum in opposition, as a defense sounding in the doctrine of "superseding sole proximate cause." This doctrine is applicable to admiralty actions. See Exxon Co., U.S.A. v. Sofec,Inc., 517 U.S. 116 S.Ct. 1813, 135 L.Ed.2d 113 (1996). However, "[t]he doctrine of superseding cause is . . . applied where the defendant's negligence in fact substantially contributed to the plaintiff's injury, but the injury was actually brought about by a later cause of independent origin that was not foreseeable." Id., 1818. This is not what the defendant pleads in his sixth special defense.
As a matter of Connecticut procedural law, "[t]he purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action." Pieri v. Bristol,43 Conn. App. 435, 441, 683 A.2d 414 (1996). The defendant, in his sixth special defense, does not claim that the plaintiffs are without a cause of action against him, rather he pleads that his negligence is secondary to the negligence of some third-party.
The plaintiffs argue correctly that, under admiralty law, as well as traditional common law, "[t]he relative negligence of . . . other defendants is immaterial to [this defendant's] liability as to the plaintiffs." Simply stated, "[a] tortfeasor is not relieved of liability for the entire harm he caused just because another's negligence was also a factor in effecting the CT Page 6398 injury. Nor are the damages against him diminished." (Internal quotation marks omitted.) Edmonds v. Compagnie GeneraleTransatlantique, 443 U.S. 256, 260 n. 8, 99 S.Ct. 2753,61 L.Ed.2d 521, reh'g denied, 444 U.S. 889, 100 S.Ct. 194, 62 L.Ed.2d 126
(1979). The plaintiffs' motion to strike the defendant's sixth special defense, therefore, is granted.
The defendant's eighth special defense states that "the causes producing the injuries to the plaintiffs . . . were wholly the result of an [a]ct of God for which [he] is not liable. (That if the buoy was off station . . . such condition was caused by wind and wave action[.])" The plaintiffs argue, citing Martin v.Lotz, 126 Conn. 529, 534, 12 A.2d 772 (1940), that this special defense is legally insufficient because in order for an act of God to "relieve a defendant of liability in the admiralty context, not only must a storm be of unprecedented' nature, but the' accident must have been inevitable in the technical admiralty sense."' And, the wind and wave action alleged by the defendant here "falls far short of the type of unusual, unpredictable and unavoidable condition which would constitute force majeure such as to insulate the defendant from liability."
"In deciding upon a motion to strike . . . a trial court must take the facts to be those alleged in the [challenged pleading] and cannot be aided by the assumption of any facts not therein alleged." (Citation omitted; internal quotation marks omitted.)Liljedahl Bros., Inc. v. Grisby, 215 Conn. 345, 348,576 A.2d 149 (1990).
In the present case, the plaintiffs ask the court to impart facts not alleged in the special defense. Whether the waves and wind alleged by the defendant were severe enough to constitute a force majeure defense is an issue beyond the reaches of this motion to strike. Viewing the facts in a light most favorable to the defendant, the eighth special defense is legally sufficient. The plaintiffs' motion to strike the eighth special defense, therefore, is denied.
The tenth special defense sounds in contributory negligence. The plaintiffs correctly argue that contributory negligence is not a complete bar to recovery under admiralty law. See e.g.,Korpi v. United States, 961 F. Sup. 1335 (N.D.Cal. 1997);Schumacher v. Cooper, 850 F. Sup. 438 (D.S.C. 1994). The plaintiffs' motion to strike the tenth special defense is granted. CT Page 6399
The defendant's eleventh special defense states: "The laws of Connecticut do not apply to this case rather this case is governed by the [g]eneral [m]aritime [l]aws and statutes of the United States." While this is an accurate statement of law, this is not a special defense. See Pieri v. Bristol, supra,43 Conn. App. 441. The motion to strike the eleventh special defense is granted.
In sum, the plaintiffs' motion to strike the defendant's first, sixth, tenth and eleventh special defenses is granted. The motion to strike the eighth special defense is denied. And, the defendant's motion to strike the plaintiffs' complaint is denied as untimely.
So Ordered.
D'ANDREA, J.