## MICHAEL SELVAGGI ET AL. *v.*
## RICHARD MIRON ET AL.
## (AC 20069)

Schaller, Zarella and Pellegrino, Js.

Submitted on briefs September 15—officially released November 7, 2000

*James R. Miron* filed a brief for the appellant (defendant Ann Miron).

*Kevin W. Finch* filed a brief for the appellees (plaintiffs).

*Opinion*

PER CURIAM. In this appeal, the defendant Ann Miron[1] claims that the trial court (1) incorrectly placed on her the burden of proving that any debt she owed to the plaintiffs, Michael Selvaggi and Monument Setting Company, Inc., was fully discharged and (2) improperly

---

[1] Richard Miron, also a defendant in this action, is not a party to this appeal. We therefore refer in this opinion to Ann Miron as the defendant.

concluded that she was a partner in Lakeview Monument Company, whose business relations with the plaintiffs gave rise to the underlying collection action that led to this appeal. We affirm the judgment of the trial court.

I

The defendant first claims that the court improperly placed on her the burden of proving that any debt she owed to the plaintiffs had been fully discharged. We disagree.

"The issue of whether the court held the parties to the proper standard of proof is a question of law. When issues in [an] appeal concern a question of law, this court reviews such claims de novo." (Internal quotation marks omitted.) *Satti* v. *Kozek*, 58 Conn. App. 768, 771, 755 A.2d 333 (2000).

Practice Book § 10-50 provides in relevant part: "No facts may be proved under either a general or special denial except such as show that the plaintiff's statements of fact are untrue. Facts which are consistent with such statements but show, notwithstanding, that the plaintiff has no cause of action, must be specially alleged. Thus . . . payment (even though nonpayment is alleged by the plaintiff) . . . must be specially pleaded . . . ." The burden of proving the special defense of payment rests upon the defendant. See *New England Savings Bank* v. *Bedford Realty Corp.*, 246 Conn. 594, 606 n.10, 717 A.2d 713 (1998); *Stanley* v. *M. H. Rhodes, Inc.*, 140 Conn. 689, 697, 103 A.2d 143 (1954); *Curley* v. *Marzullo*, 127 Conn. 354, 359, 17 A.2d 10 (1940); *Apuzzo* v. *Hoer*, 125 Conn. 196, 203, 4 A.2d 424 (1939); *Pieri* v. *Bristol*, 43 Conn. App. 435, 441, 683 A.2d 414 (1996). "To the extent that the defendant's claim of payment was a defense, it properly should have been pleaded as such." (Internal quotation marks omitted.) *Bennett* v. *Automobile Ins. Co. of Hartford*,

32 Conn. App. 617, 623, 630 A.2d 149 (1993), rev'd on other grounds, 230 Conn. 795, 646 A.2d 806 (1994). We conclude, therefore, that the court properly placed the burden on the defendant to prove that she had made payment to the plaintiffs.

## II

The defendant next claims that the court improperly concluded that she was a partner in Lakeview Monument Company. We disagree.

"Appellate review of findings of fact is limited to deciding whether such findings were clearly erroneous. . . . A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (Internal quotation marks omitted.) *Granger* v. *A. Aiudi & Sons*, 60 Conn. App. 36, 41, 758 A.2d 417 (2000).

The court adopted the report of the attorney trial referee in which the referee found that the defendant and Richard Miron were the proprietors of Lakeview Monument Company from 1974 to March 6, 1992. Our review of the entire record leads us to conclude that the court properly determined that the defendant was a partner in Lakeview Monument Company.

The judgment is affirmed.