[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISIONS RE: MOTION FOR SUMMARY JUDGMENT (#109)
 FACTS
The plaintiff, First National Bank, as trustee for Bank One, National Association (Bank One),[1] commenced this action on February 7, 2000, against the defendants, William and Edwina Naholnik seeking foreclosure of a mortgage premises. The complaint alleges that the defendants mortgaged the premises located at 19 Center Road in Waterford to the National Mortgage Corporation on January 27, 1997, as security for a promissory note in the amount of $160,000. The plaintiff alleges that it is the current owner of the note and mortgage by virtue of an assignment on February 3, 1997. The plaintiff further alleges that the defendants defaulted on their mortgage payments for November 1, 1999, and each month thereafter, and have failed to cure the default.
The defendants filed an answer and a disclosure of defense on May 1, 2000. In their answer, the defendants admit they entered into a mortgage with the plaintiff's predecessor and that they own the property. The defendants, however, deny those allegations in the complaint that claim: (1) the defendants are in default on the mortgage and note; (2) the plaintiff has provided the defendants with proper written notice of the default; and (3) the defendants have failed to cure their default.
On June 30, 2000, the plaintiff filed a motion for summary judgment as to the defendants liability. In support of its motion, the plaintiff has submitted the affidavit of Carmon L. Steven, the vice president of Homecoming Financial Network, Incorporated, which services the plaintiff's mortgage and note, copies of the mortgage and note documents, the relevant land records, a copy of the assignment of the mortgage and note to the plaintiff, and a copy of a letter sent to the defendant on CT Page 6713 December 15, 1999, stating that the defendants are in default. The defendants filed an objection and a memorandum of law on July 10, 2000. The defendants have submitted an affidavit and copies of canceled checks payable to the plaintiff's servicing company, dated October 26, 1999, and November 29, 1999, in support of their objection.
 DISCUSSION
"The standard of review of a court's decision granting a motion for summary-judgment is well settled. . . . Practice Book § 17-49
provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. A "material fact' is a fact that will make a difference in the result of a case. . . . The test is whether a party would be entitled to a directed verdict on the same facts." (Citations omitted; internal quotation marks omitted.) River Dock Pike, Inc. v. Ins. Co. of North America, 57 Conn. App. 227, 231,747 A.2d 1060 (2000); see Witt v. St. Vincent's Medical Center,252 Conn. 363, 368, 746 A.2d 753 (2000). "The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citation omitted; internal quotation marks omitted.) Rivera v. Double A Transportation,Inc., 248 Conn. 21, 24, 727 A.2d 204 (1999). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . ." (Internal quotation marks omitted.) Serrano v. Burns, 248 Conn. 419, 424, 727 A.2d 1276 (1999).
To make out a prima facie case in a foreclosure action, a plaintiff must "prove by a preponderance of the evidence that it [is] the owner of the note and mortgage and that [the defendant has] defaulted on the note." Webster Bank v. Flanagan, 51 Conn. App. 733, 750-51, 725 A.2d 975
(1999). The plaintiff has submitted uncontroverted evidence that it is the owner of the note and mortgage, and the defendants have conceded this fact. In addition, the plaintiff has submitted an affidavit, stating that the defendants have defaulted in their mortgage payments since November 1, 1999, and have failed to cure the default. The plaintiff argues that it has made out a prima facie case by its proof of ownership and default.
The defendants deny that they have defaulted and failed to cure the default. Specifically, they claim that they paid the November 1999 mortgage payment and the plaintiff has wrongfully refused the defendants CT Page 6714 tender of the December 1999 mortgage payment and every payment thereafter.
The court cannot address the merits of these defenses because they are not specially pleaded. The defendants have merely filed a disclosure of defense, but no special defenses. A disclosure of defenses, governed by Practice Book § 13-19,[2] merely anticipates defenses that will be asserted but cannot substitute for the assertion of a special defense. See Elis v. Rogers, 15 Conn. App. 362, 364, 544 A.2d 663 (1988). Practice Book § 10-50 provides, in part, "[f]acts which are consistent with [the plaintiff's statement of fact] but show, notwithstanding, that the plaintiff has no cause of action, must be specifically pleaded. Thus, . . . payment (even though nonpayment is alleged by the plaintiff) . . . must be specially pleaded. . . ."; see Barrows v. J.C.Penney Co., 58 Conn. App. 225, 233, 753 A.2d 404, cert. denied, 254 Conn. 925, 761 A.2d 751 (2000);DuBose v. Carabetta, 161 Conn. 254, 260-61,287 A.2d 357 (1971) (defendant's failure to plead a special defense precludes the admission of evidence on the subject); Selvaggi v. Miron,60 Conn. App. 600, 601, 760 A.2d 539 (2000) (payment must be specially pleaded as a special defense).
As the defendants have failed to assert any special defenses to the prima facie case established by the plaintiff, there is no genuine issue of material fact as to the defendants' liability.
Accordingly, the plaintiff's motion for summary judgment as to liability is granted.
Martin, J.