[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On July 3, 2000, the plaintiff, First Union National Bank, filed a complaint against the defendants, Anthony and Harriett Luccaro.[1] The plaintiff alleges that the Luccaros have defaulted on a note and mortgage owned by the plaintiff and the plaintiff now seeks a foreclosure of its mortgage, a deficiency judgment, and immediate possession of the mortgaged premises. On August 17, 2000, the Luccaros filed an answer with a special defense, alleging that they paid in full all mortgage payments due for April 2000 and thereafter. On September 14, 2000, the Luccaros filed a motion for summary judgment which this court denied on January 8, 2001. On March 1, 2001, the plaintiff filed a motion for summary judgment, accompanied by a memorandum of law and documentary evidence, on the grounds that there are no genuine issues of material fact and the plaintiff is entitled to a foreclosure as a matter of law. Thereafter, the Luccaros filed a memorandum of law, dated March 16, 2001, in opposition to the motion, along with affidavits and other supporting documentary evidence arguing that a genuine issue of material fact exists as to whether the Luccaros paid their mortgage payments in full every month.
"At common law, the only defenses to [a foreclosure action] would have been payment, discharge, release or satisfaction. . . . or, if there had never been a valid lien." (Internal quotation marks omitted.) SouthbrideAssociates, LLC v. Garofalo, 53 Conn. App. 11, 15, 728 A.2d 1114, cert. denied, 249 Conn. 919, 733 A.2d 229 (1999). "In recognition that a foreclosure action is an equitable proceeding, courts have allowed mistake, accident, fraud, equitable estoppel, CUTPA, laches . . . [and] breach of the implied covenant of good faith and fair dealing . . . to be pleaded as special defenses . . . These special defenses have been recognized as valid special defenses where they were legally sufficient and addressed the making, validity or enforcement of the mortgage and/or note." (Citations omitted; internal quotation marks omitted.) MercantileBank v. Hurowitz, Superior Court, judicial district of New Haven at New Haven, Docket No. 381091 (May 2, 2000, Celotto, J.); Green Point v.Klein, Superior Court, judicial district of Danbury, Docket No. 327058 (April 11, 2000, Moraghan, J.). CT Page 7505
"A counterclaim brought by a defendant in a foreclosure action, like a special defense, must address the making, validity or enforcement of the note and mortgage." Ocwen Federal Bank, FSB v. Stawski, Superior Court, judicial district of New London at New London, Docket No. 552683 (April 25, 2000, Martin, J.); PNC Bank v. Slodowitz, Superior Court, judicial district of Waterbury, Docket No. 137057 (July 19, 1999, West, J.). "Again, the rationale behind this is that counterclaims and special defenses which are not limited to the making, validity or enforcement of the note or mortgage fail to assert any connection with the subject matter of the foreclosure action and as such do not arise out of the same transaction as the foreclosure action." Ocwen Federal Bank, FSB v.Stawski, supra, Superior Court, Docket No. 552683.
The plaintiff argues that the Luccaros' special defense, that they paid in full all that was due and owing, does not preclude a summary judgment because the Luccaros failed to allege any facts, but merely stated a legal conclusion, which is insufficient as a matter of law. "Only one of the defendants' defenses needs to be valid in order to overcome the motion for summary judgment." Union Trust Company v. Jackson,42 Conn. App. 413, 417, 679 A.2d 421. (1996). "A special defense is legally insufficient if it contains allegations that are conclusory and contains no issuable facts to support it." Citicorp Mortgage v. Gibson, Superior Court, judicial district of Waterbury, Docket No. 152248 (Jan. 23, 2001, West, J.); Chase Mortgage Company v. Infurchia, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 364821 (April 24, 2000, Mottolese, J.). However, in the instant case, the plaintiff is incorrect because the defense of payment is sufficient as a matter of law.
"The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action." (Internal quotation mark omitted.)Danbury v. Dana Investment Corp., 249 Conn. 1, 17, 730 A.2d 1128 (1999);Grant v. Bassman, 221 Conn. 465, 472-73, 604 A.2d 814 (1992); see also Practice Book § 10-50 ("Facts which are consistent with [the plaintiff's] statements [of fact] but show, notwithstanding, that the plaintiff has no cause of action, must be specially alleged.") "Nonetheless, when the defense is that of payment, Practice Book §10-50 requires that payment (even though nonpayment is alleged by the plaintiff) . . . be specifically pleaded. . . .'" Fleet Mortgage Corp.v. Bruno, Superior Court, judicial district of Windham at Putnam, Docket No. 063054 (Mar. 8, 2001, Foley, J.). "Payment is an affirmative defense that must be proved by the defendant." New England Savings Bank v.Bedford Realty Corp., 246 Conn. 594, 606 n. 10, 717 A.2d 713 (1998); see also Stanley v. M.H. Rhodes, Inc., 140 Conn. 689, 697, 103 A.2d 143
(1953); Selvaggi v. Miron, 60 Conn. App. 600, 601, 760 A.2d 539 (2000) CT Page 7506
In Dovenmuehle v. Brucoli, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 173479 (February 8, 2000,Rodriguez, J.), the court held that a special defense, alleging that "the defendant is not in default, and has been making payments," was sufficient to withstand a motion to strike in a foreclosure action. InBristol Savings Bank v. EFA Acceptance Corp., Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 515249 (June 1, 1993, Aurigemma, J.), the court refused to strike a special defense that simply alleged payment without supporting facts, holding that the plaintiff could have obtained additional facts by filing a request to revise. In this case, the Luccaros alleged in their special defense that they made all of the necessary payments on the mortgage for April 2000 and thereafter. Accordingly, the court finds, that the Luccaros have plead a sufficient special defense to the plaintiff's foreclosure action.
Alternatively, the plaintiff argues that, even if the Luccaros did make mortgage payments every month, as a matter of law the special defense is invalid because the monthly payments were not sufficient to satisfy the monthly mortgage obligations. This contention raises an issue of material fact as to whether the Luccaros made insufficient payments, and thus, defaulted on the mortgage.
The main issue in this case concerns the alleged failure of the Luccaros to buy hazard insurance pursuant to the terms of the mortgage agreement. In support of its motion, the plaintiff submitted an affidavit of the record keeper at First Union National Bank, Theresa Morgan Walser, dated January 3, 2001, wherein she states in paragraphs five and six that the Luccaros "failed to maintain hazard insurance on the instant property," and thereafter, "the plaintiff obtained forced place insurance coverage on the property on February 9, 1999, which covered the period from November 1998 through November 1999. . . ." Walser also states that "[a] s a result of the plaintiff obtaining forced place insurance coverage on the property, the defendant's monthly payment on their note and mortgage increased to $1886.29 in August 1999." (Walser Affidavit ¶ 7.) "A payment was received from the defendant in August 1999 in the amount of $1424.93. This amount was insufficient and was returned to the defendants, as the payment that was due and owing was $1886.29. No replacement payment was ever received from the defendant." (Walser Affidavit ¶ 9.)
In opposition to the motion, the Luccarros submitted the affidavit of Anthony J. Luccaro, dated March 16, 2001, which disputes Walser's statements. In his affidavit, Luccaro states in paragraph three that the "monthly payment of principal and interest due on this mortgage has been $1423.93, to my knowledge, at least since the modification agreement was CT Page 7507 signed in December, 1993." Luccaro states that "[u]ntil this foreclosure began, I made all monthly payments in the amount of $1423.93 in the time required by the note and mortgage." (Luccaro Affidavit ¶ 4.) "Sometime in 1998, for reasons not known to me, First Union received notification from our insurance company that our homeowner's policy had lapsed." (Luccaro Affidavit ¶ 14.) "I was able to straighten out this problem by having our homeowners' policy reinstated retroactively. First Union was satisfied with this resolution and sent me a notice telling me that no charge had been made to our account." (Luccaro Affidavit ¶ 15.) "I renewed my homeowners' policy in October, 1998, and I believed I was complying with the requirements of the mortgage by doing so." (Luccaro Affidavit ¶ 16.)
The Luccaros also submitted copies of their mortgage payments of $1423.93 sent to the plaintiff from January 1999 through April 2000, and from June, July and September 2000. (Defendants' Memorandum Exhibits A-D, F.) In addition, the Luccaros submitted a copy of a letter from the plaintiff, dated May 26, 1998, confirming that they received evidence of the Luccaro's insurance coverage, and a copy of the Luccaros' homeowners' insurance policy, dated October 22, 1998. (Defendants' Memorandum Exhibits I-J.)
A review of the pleadings and materials submitted both in support of and in opposition to summary judgment reveals that the Luccaros have sufficiently rebutted the motion for summary judgment with evidence indicating that a genuine issue of material fact exists as to whether the Luccaros made sufficient payments toward their mortgage. The court, therefore, denies the plaintiff's motion for summary judgment.
THOMAS G. WEST, Judge.