EVA DORAN *v.* WATERBURY PARKING AUTHORITY ET AL.

SUPERIOR COURT     JUDICIAL DISTRICT OF     FILE No. 45442
WATERBURY

Memorandum filed September 11, 1979

*Fred W. Krug,* for the plaintiff.

*Wilson, Asbel & Channing,* for the defendants.

WALL, J. The plaintiff, Eva Doran, seeking damages for injuries she received in a fall in a municipal ramp garage on May 27, 1977, has brought this action based on negligence against the Waterbury parking authority and the city of Waterbury. The defendants are named in separate counts. The first count is addressed to the Waterbury parking authority. The second is addressed to the city of Waterbury. Each defendant contends by way of special defense that the claim of the plaintiff is barred by governmental immunity in that the operation, maintenance and management of the ramp garage is a governmental function. That claim was raised by the Waterbury parking authority as the second special defense to the first count and by the city of Waterbury as the first special defense to the second count.

The plaintiff moves this court to strike these special defenses on the grounds that the operation of the ramp garage constituted a proprietary rather

than a governmental function and that the defendants are thus not immune. A motion to strike is the proper vehicle by which to contest the legal sufficiency of any special defense contained in an answer to the complaint. Practice Book, 1978, § 152 (5).

It is well established in this state that a town, municipality or municipal corporation enjoys limited immunity from liability when it acts in the performance of a governmental function. *Cone* v. *Waterford,* 158 Conn. 276, 279; *Lambert* v. *New Haven,* 129 Conn. 647, 649; *Carta* v. *Norwalk,* 108 Conn. 697, 701. The question before this court is whether the operation, maintenance and management of the municipal ramp garage constituted a governmental function of the defendants.

The determination whether the operation of the parking garage was governmental or proprietary is a question of fact. This court is of the opinion that the proprietary classification is the proper one.

1A Antieau, Municipal Corporation Law § 11.109 declares that "[l]ocal governments are . . . responsible for their torts in connection with the operation of municipal garages serving the public." *Cutnaw* v. *Columbus,* 107 Ohio App. 413, 425, cited by Antieau, recites that no matter how useful or well authorized, there is no reason "either in authority or logic, for calling the operation of this parking garage an essential governmental function . . . ." The court in that case admits that even though the operation had "characteristics both of a public and a municipal function, [it] is in the nature of a proprietary function . . . ." Ibid.

The operation of municipal parking garages is generally considered a proprietary, corporate activity. 18 McQuillin, Municipal Corporations (3d Ed. Rev.) § 53.107a. In the same light, the construc-

tion by a municipality of off-street parking facilities is regarded as a proprietary function. *Zaras* v. *Findlay,* 112 Ohio App. 367. It is said that "such facilities by their inherent nature . . . [constitute] an adaptation of territory within a municipality to the purposes of business . . . ." Id., 373.

Furthermore, Connecticut courts recognize that if the act engaged in is operated for the corporate benefit or pecuniary profit of the municipality, governmental immunity is not applicable. *Hannon* v. *Waterbury,* 106 Conn. 13, 17, 18; *Richmond* v. *Norwich,* 96 Conn. 582, 588; *Hourigan* v. *Norwich,* 77 Conn. 358, 364, 365. In the present case a fee is charged for the privilege of using the parking facility. This court is aware that the fact that a small fee is charged does not necessarily deprive the municipality of governmental immunity. *Hannon* v. *Waterbury,* supra, 17, 18; *Wolfe* v. *Branford,* 22 Conn. Sup. 239, 241. As long as a small or nominal fee is charged as a mere incident of the public service rendered and not as a means to derive a profit from the activity, the benefit of the principle should not be removed. *Carta* v. *Norwalk,* 108 Conn. 697, 702; *Hannon* v. *Waterbury,* supra, 18.

This court is of the impression, however, that the fact that a fee is charged in the present case indicates a commercial enterprise entered into for the corporate benefit of the municipality and goes beyond the mere incident of the public service rendered.

The operation of a ramp garage by a municipality may admittedly be in the public interest in that it lessens congestion in the streets and promotes the flow of traffic. It appears to this court, however, that the activity has traditionally been an undertaking provided in a private capacity for commercial

advantage. This court cannot, in good conscience, hold that the operation of a ramp garage constitutes a governmental function.

The plaintiff's motion to strike the second special defense to the first count and the first special defense to the second count is granted.