[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE:MOTION TO STRIKE (DOCKET ENTRY NO. 106)
The plaintiff, in this foreclosure case, has moved to strike the defendants' answer on the ground that it neither admits nor denies the allegations contained in the complaint. Plaintiff also moves to strike each of the special defenses, on the grounds that they fail to state valid defenses to a foreclosure action, fail to plead specific facts as required by the Practice Book, and/or assert matters not properly the basis for a special defense.
"The purpose of the motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff. . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Citations omitted; internal quotation marks omitted.) Faulkner v. United Technologies Corporation,240 Conn. 576, 580, 693 A.2d 293 (1997). "A motion to strike is the proper vehicle by which to contest the legal sufficiency of any special defense contained in an answer to the complaint." Doran v.CT Page 10080Waterbury Parking Authority, 35 Conn. Sup. 280, 281, 408 A.2d 277
(1979). Cf. Connecticut National Bank v. Voog, 233 Conn. 352,354-55, 659 A.2d 172 (1995) (motion to strike special defense allowed by the court).
The plaintiff moves to strike the defendants' answer pursuant to Practice Book § 160. The plaintiff argues that the defendants are required to specifically deny those allegations they intent to controvert, and admit the truth of the other allegations. The plaintiff argues that though there may be some allegations the defendants cannot admit or deny, there are others that the defendants should be able to admit or deny, and therefore the answer should be struck by the court. The defendants have not submitted an argument as to the sufficiency of their answer.
"In Home Savings of America v. Acerbo, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 113235 (February 15, 1995, D'Andrea), Judge D'Andrea granted the plaintiff's motion to strike the defendant's answer as a result of the defendant's failure to answer pursuant to Practice Book §§ 160 and 162." Town of Berlin v. Insurance Co., Superior Court, Judicial District of Hartford/New Britain at New Britain, Docket No. 467264 (February 28, 1996, Arena, J.). The Town ofBerlin court adopted the rationale of Home Savings of America and held that the defendant's failure to file an answer in accordance with the dictates of Practice Book §§ 160 and 162 resulted in the pleading being stricken. In Home Savings of America v.Acerbo, supra, Superior Court, Docket No. 113235, the substituted plaintiff filed an amended complaint in foreclosure against the defendant. The defendant filed an answer which the plaintiff moved to strike on the ground that it did not comply with Practice Book §§ 160 and 162, because it did not admit or deny any of the allegations in the complaint. The Home Savings ofAmerica court noted that "Practice Book § 160 provides in pertinent part that `[t]he defendant in his answer shall specifically deny such allegations of the complaint as he intends to controvert, admitting the truth of the other allegations, unless he intends in good faith to controvert all the allegations, in which case he may deny them generally' Practice Book § 162 further provides that `[e]xpress admissions must be direct, precise and specific. . . .'" There, the plaintiff's complaint alleged that the defendant had an interest in the property by virtue of a tax lien. The defendant's answer did not admit or deny this allegation, but asked for the court to CT Page 10081 determine the equities of the parties. The court ruled that "[t]he defendant's answer fails to satisfy the provision of Practice Book §§ 160 and 162. Accordingly, the plaintiff's motion to strike the defendant's answer is granted."
For the reasons addressed in Town of Berlin and Home Savingsof America, the motion to strike the defendants' answer in the instant case, because it fails to admit or deny the allegations contained in the plaintiff's complaint, is granted. See alsoTolland Bank v. Larson, 28 Conn. App. 332, 336, 610 A.2d 720
(1992) (where the defendant's answer claimed insufficient knowledge on which to form a belief as to each and every paragraph of the complaint, including allegations that the defendant had signed a promissory note, the court determined that unless the defendant is incapacitated or otherwise unavailable to his attorney, such information is within his knowledge so as to require an admission or denial).
"The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action." Grant v.Bassman, 221 Conn. 465, 472-73, 604 A.2d 814 (1992). "Additionally, Practice Book § 164 establishes the limits of a valid special defense and provides in pertinent part that `[n]o facts may be proved under either a general or special denial except such as show that the plaintiff's statements of fact are untrue. Facts which are consistent with such statements but show, notwithstanding, that he has no cause of action, must be specially pleaded. . . .'" City of Danbury v. Philbury. Inc.,
Superior Court, judicial district of Danbury, Docket No. 316860 (January 28, 1997, Pickett, S.T.R.).
"At common law, the only defenses to an action of [foreclosure] would have been payment, discharge, release or satisfaction . . . or, if there had never been a valid lien." (Citation omitted.) Petterson v. Weinstock, 106 Conn. 436, 441,138 A. 433 (1927). However, "[a]n action of foreclosure is peculiarly equitable and the court may entertain all questions which are necessary to be determined in order that complete justice may be done between the parties." Connecticut NationalBank v. L R Realty, 46 Conn. App. 443, 449, A.2d (1997). "Equitable special defenses are permitted but they are limited to those which `attack the making, validity or enforcement of the lien, rather than some act or procedure of the lienholder.'"Monument Realty v. Youmatz, Superior Court, judicial district of CT Page 10082 Litchfield, Docket No. 071092 (February 18, 1997, Pickett, J.T.R.). "The rationale behind this is that counterclaims and special defenses which are not limited to the making, validity or enforcement of the note or mortgage fail to assert any connection with the subject matter of the foreclosure action and as such do not arise out of the same transaction as the foreclosure action." Id.
The defendants' first special defense states: "The plaintiff's predecessor (Comfed Mortgage Co., Inc.) which originated the subject mortgage loan, engaged in deficient lending practices in that it did not fully inform the defendants as to all material facts and risks associated with and regarding the loan documents at issue."
The plaintiff argues that the first special defense should be struck because it does not contain allegations of specific facts, but conclusions. The plaintiff also argues that the defense raised in the first special defense is not a recognized defense to a foreclosure action. The defendants argue that the actions described in the first special defense constitutes conduct which violates "good faith and fair dealing," a breach of which is a valid defense to a foreclosure action.
"[B]reach of an implied covenant of good faith and fair dealing has been recognized as a valid special defense to a foreclosure action in Connecticut." Chief v. Sargent, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 330307 (August 21, 1996, West, J.). "Although a breach of the implied covenant of good faith and fair dealing has been recognized as a valid special defense to a foreclosure action under the guise of equitable principles . . . a defendant must plead sufficient facts to justify its application. Shawmut Bankv. Carriage Hill Estates, Inc., Superior Court, judicial district of Waterbury, Docket No. 116593 (June 10, 1994, West, J.)." (Citation omitted.) Berkeley Federal Bank Trust v. Phillips,
Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 317957 (January 23, 1996, West, J.).
"The motion to strike admits all facts well-pleaded, it does not admit legal conclusions. . . ." Quimby v. Kimberly ClarkCorp., 28 Conn. App. 660, 664, 613 A.2d 838 (1992). In the present case, the allegation contained in the defendants' first special defense is a legal conclusion not supported by sufficient facts, and therefore the motion to strike is granted. CT Page 10083
The defendants' second special defense states: "The plaintiff's predecessor (Comfed Mortgage Co., Inc.) violated state and federal truth in lending laws in that it committed in writing to charge a rate of interest lower than that which is reflected in the note."
The plaintiff contends that the second special defense should be struck because the defendants have failed to plead specific facts to support the special defense, and that the special defense is not recognized as a defense to a foreclosure action. Additionally, the plaintiff further argues that the second special defense should be struck because it alleges a violation of the truth in lending statutes. Further, the plaintiff argues that a defense based on the truth in lending statutes is insufficient as a matter of law because it fails to allege facts demonstrating that the plaintiff has no cause of action and because it is barred by the applicable statute of limitations. The defendants claim that the allegations contained in the second special defense also demonstrate that the plaintiff violated its duty of good faith and fair dealing.
"Equitable defenses to foreclosure actions `have generally only been considered proper when they attack the making, validity or enforcement of the lien, rather than some act or procedure of the lienholder.'" Mundaca Investment Corp. v. Atwood, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 319174 (February 21, 1996, Moran, J.). "A mortgage holder's failure to comply with state and/or federal truth-in-lending requirements has been held not to constitute a legally sufficient special defense in mortgage foreclosure actions." Id. See alsoPeople's Bank v. Perkins, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 310482 (November 3, 1994, Ballen, J.) (allegations that the plaintiff violated TILA by improperly calculating the applicable interest rate and by failing to give notice with respect to changes in the interest rate do not affect the validity of the mortgage which the plaintiff seeks to foreclose, and therefore, do not show that the plaintiff has no cause of action).
The parties raise the same arguments and counterarguments in regards to the defendants' third special defense, which states: "The plaintiff has violated state and federal truth in lending laws in that it continues to charge defendants a higher rate of interest than that which was set forth in the original written CT Page 10084 commitment." For the reasons discussed above, the third special defense is also improper in a foreclosure action. Accordingly, the motion to strike is granted as to defendants' second and third special defenses.
The fourth special defense states: "The plaintiff's immediate predecessor (Comfed Mortgage Co., Inc.) wilfully overcharged the defendants and did not accurately compute the sums due." The fifth special defense states: "The plaintiff has willfully overcharged the defendants and has not accurately computed the sums due."
The plaintiff argues that the fourth and fifth special defenses are legally insufficient because the defendants have failed to plead specific facts on which the defenses are based, and that they are not recognized defenses to a foreclosure action. The defendants argue that the fourth and fifth special defenses allege that the defendants were overcharged, which is the same as alleging that a usurious rate was charged.
"[A]n unconscionable rate of interest . . . is a valid special defense to a foreclosure action." Bank of New Haven v.Liner, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 034516 (April 2, 1993, Curran, J.). "In an unusual case the court can refuse the equitable remedy of foreclosure or reduce the amount of the debt where enforcement of the terms of the mortgage would be unconscionable. . . ." FederalDeposit Insurance Corp. v. Brunetti, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 294979 (March 31, 1993, Fuller, J.). Clearly, the fourth and fifth special defenses, as pleaded, do not allege that the rate charged was usurious, but merely conclude that the defendants have been overcharged. "The defense pleaded amounts to no more than a claim of periodic error in calculating the interest on the note, which may effect the amount of the debt, but it does not allege facts sufficient to prevent foreclosure of the mortgage under recognized defenses." Id. Accordingly, plaintiff's motion to strike the fourth and fifth special defenses is granted.
The defendants' sixth special defense states: "The plaintiff is estopped from maintaining this action in that the defendants before default notified plaintiff that they needed a modification of the interest rate to current market rates in order to keep payments current, but the plaintiff refused to entertain their request despite the fact that defendants had for years been CT Page 10085 paying at a rate substantially over the then prevailing rate."
The plaintiff argues that the sixth special defense is defective since the claims alleged therein cannot be stated as a defense to a foreclosure action. The plaintiff argues that the defense does not address the making, validity, or enforcement of the note, and that it does not show that the plaintiff has no cause of action against the defendants. The defendants argue that the plaintiff is estopped from maintaining a foreclosure action, because the defendants had notified the plaintiff before the foreclosure proceeding was commenced that they needed a modification of the interest rate in order to keep payments current. The defendants rely on the court's equitable powers arising from the equitable nature of foreclosure actions to ensure that complete justice is done between the parties.
In Fleet Mortgage Corp. v. Baccash, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 053127 (January 3, 1997, Curran, J.), the defendant contended that the plaintiff was estopped from foreclosing because the parties had discussed a modification of the mortgage terms. As here, the defendant did not offer any legal argument or evidence regarding a contractual duty on the part of the plaintiff to conduct loan workout discussions, and the count was struck as a result. "[U]nless provided for in the loan documents, the lender has no duty to enter into workout negotiations with a mortgagor, therefore, a failure to do so does not implicate the making, validity or enforcement of the note." Citicorp Mortgage, Inc. v.Miller, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 326759 (December 17, 1996, West, J.). See also Dime Savings Bank of New York. FSB v. Furey, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 047557 (April 1, 1996, Curran, J.); Berkeley Federal Bank Trustv. Rotko, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 318648 (January 25, 1996, West, J.);Berkeley Federal Bank Trust v. Phillips, supra, Superior Court, Docket No. 317957. Consequently, plaintiff's motion to strike the sixth special defense is granted.
In summary, the defendants' answer and all six of the special defenses are struck as being either legally insufficient or an improper defense to a foreclosure action.
WEST, J. CT Page 10086