[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs, Erika Katharyn Hiltunen and Carol H. Bullard, filed a complaint against the defendants, Irene M. Hiltunen and the estate of Jon Stover Hiltunen, sounding in breach of contract, fraud, and breach of a fiduciary duty. The defendants filed an answer and four special defenses. The plaintiffs then filed a motion (#103) to strike these special defenses. The plaintiffs fail to allege the grounds for the motion except to state: "the Plaintiffs . . . have set forth in detail the grounds and authority for this [m]otion to [s]trike in the accompanying [m]emorandum of [l]aw . . . which is incorporated by reference herein." The defendants have not filed an opposition.
The court notes, as an initial matter, that the plaintiffs' motion is defective by virtue of the plaintiffs' failure to state, within the motion itself, the grounds for the motion. Where the movant does "not specify the distinct reasons for the claimed insufficiency of the [subject pleading] in its motion, the motion [is] fatally defective under Practice Book § 154 notwithstanding the [movants'] inclusions of such reasons in its supporting memorandum . . . ." Bouchard v. People's Bank,219 Conn. 465, 468 n. 4, 594 A.2d 1 (1991). Such defect is waivable "due to the [non-movants'] failure to object to its form and the nonjurisdictional nature of § 154." Id. See also North ParkMortgage Services Inc., v. Pinette, 27 Conn. App. 628, 630,608 A.2d 714 (1992).[1]
In the present case, the defendants have not filed an opposition to the plaintiffs' motion. The defendants, therefore, are deemed to have waived the defect and the court will consider the merits of the motion. CT Page 11813
"A motion to strike is the proper vehicle by which to contest the legal sufficiency of any special defense contained in an answer to the complaint." Doran v. Waterbury Parking Authority,35 Conn. Sup. 280, 281, 408 A.2d 277 (1979). "In its ruling on the [plaintiffs'] motion to strike, the trial court [has an] obligation to take the facts to be those alleged in the special defenses and to construe the defenses in the manner most favorable to sustaining their legal sufficiency." ConnecticutNational Bank v. Douglas, 221 Conn. 530, 536, 606 A.2d 684
(1992).
Practice Book § 164 states: "No facts may be proved under either a general or special denial except such as show that the plaintiff's statements of fact are untrue. Facts which are consistent with such statements but show, notwithstanding, that he has no cause of action, must be specially alleged. . . ."
"The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action." FederalDeposit Ins. Corp. v. Napert-Boyer Part., 40 Conn. App. 434, 445,671 A.2d 1303 (1996).
FIRST SPECIAL DEFENSE
The defendants' first special defense states: "any claims that the plaintiffs may have had against the defendants were not timely made and are barred by [General Statutes § 45a-363]." The plaintiffs argue that this special defense should be stricken because they have "fully complied with all provisions of the Connecticut General Statutes[.]"
"In deciding upon a motion to strike . . . a trial court must take the facts to be those alleged in the [pleading] and cannot be aided by the assumption of any facts not therein alleged." (Citation omitted; internal quotation marks omitted.) LiljedahlBros., Inc. v. Grisby, 215 Conn. 345, 348, 576 A.2d 149 (1990).
The court is limited "to a consideration of the facts alleged in the [subject pleading]. A `speaking' motion to strike (one imparting facts outside the pleadings) will not be granted." Doev. Marselle, 38 Conn. App. 360, 364, 660 A.2d 871 (1995), rev'd on other grounds, 236 Conn. 845, 675 A.2d 835 (1996); see alsoCavallo v. Derby Savings Bank, 188 Conn. 281, 285-86,449 A.2d 986 (1982). CT Page 11814
In the present case, the plaintiffs, in their memorandum, challenge the defendants' special defense by claiming that the date and manner in which notice was served were proper. The plaintiffs are improperly suggesting that this court consider a number of facts outside those stated in the challenged pleading. The defendants' defense, on its face, is legally sufficient. As such, the plaintiffs' motion to strike the first special defense is denied.
SECOND SPECIAL DEFENSE
The defendants' second special defense is also a statute of limitations defense: "Any claims that the plaintiff may have had against the [defendant] were barred by the statute of limitations for contracts, [General Statutes § 52-576.] . . ."
Again, the plaintiffs argue that the facts indicate that their action is not time barred. Recalling that "[a] `speaking' motion to strike (one imparting facts outside the pleadings) will not be granted;" Doe v. Marselle, supra, 38 Conn. App. 364; the plaintiffs' motion to strike the second special defense is also denied.
THIRD SPECIAL DEFENSE
The third special defense states: "Any claim that the plaintiffs may have had against the [defendants] should be barred by the equitable doctrine of laches due to the plaintiffs' failure to ascertain the performance of any obligation of the [defendant] to maintain insurance coverage alleged by them to exist and enforce any rights that they may have had in a timely manner."
The plaintiffs argue that this special defense "is inapplicable to the action at bar and must be stricken." Again, the plaintiffs support their argument by discussing, in their memorandum, a number of facts not found in the defendants' pleading. Nevertheless, the motion to strike should be granted on another ground implied by the plaintiffs' memorandum.
"Laches consists of an inexcusable delay which prejudices the defendant. . . . Laches consists of two elements. First, there must have been a delay that was inexcusable, and, second, that delay must have prejudiced the defendant. . . . Absent prejudice CT Page 11815 to the defendant, the mere lapse of time does not constitute laches." Federal Deposit Ins. Co. v. Voll, 38 Conn. App. 198,210, 660 A.2d 358 (1995).
In the present case, the defendants fail to allege in their special defense that the plaintiffs' actions were inexcusably delayed such that the defendants are prejudiced in their ability to defend this action. In other words, the defendants fail to plead facts that, if proven true, would establish the application of the doctrine of laches. The defendants' third special defense is legally insufficient. Therefore, the plaintiffs' motion to strike the third special defense is granted.
FOURTH SPECIAL DEFENSE
The defendants' fourth special defense sounds in contributory negligence. The plaintiffs argue that "[t]his [s]pecial [d]efense is inconsistent with the allegations set forth in the [c]omplaint, as it is a defense more readily applied to a tort, and not a contract action."
Contributory negligence is an invalid special defense to a breach of contract claim. DeFusco v. Schweitzer, Superior Court, Judicial District of Hartford-New Britain at Hartford, Docket No. 509663 (Sept. 14, 1993, Hennessey, J.) ("The plaintiff also moves to strike the second special defense on the ground that contributory negligence is not a valid defense to a breach of contract claim. We agree.")
"The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action." FederalDeposit Ins. Corp. v. Napert-Boyer Part., supra,40 Conn. App. 445.
In the present case, the defendants' special defense allegation of contributory negligence is inconsistent with the allegations found in the plaintiffs' complaint. The plaintiffs' complaint sounds in breach of contract, fraud, and breach of a fiduciary duty. The plaintiffs do not allege that the defendants acted negligently. The defendants' fourth special defense is therefore legally insufficient. The plaintiffs' motion to strike the fourth special defense is granted.
So Ordered. CT Page 11816
Dated at Stamford, Connecticut, this 13th day of November, 1997.
WILLIAM BURKE LEWIS, JUDGE