[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISIONRE: MOTION TO STRIKE (#107)
On March 12, 1996, the plaintiff, Home Savings of America, F.A., filed a foreclosure action against the defendant Susan M. Newkirk. On April 17, 1996, the defendant filed an answer, special defenses and counterclaim.[1]
On October 2, 1997, the plaintiff filed a motion to strike the defendant's first, second, and third special defenses. The CT Page 576 plaintiff also moves to strike the first and second counts of the defendant's counterclaim.
SPECIAL DEFENSES
"A motion to strike is the proper vehicle by which to contest the legal sufficiency of any special defense contained in an answer to the complaint." Doran v. Waterbury Parking Authority,35 Conn. Sup. 280, 281, 408 A.2d 277 (1979). "In its ruling on the [plaintiff's] motion to strike, the trial court [has an] obligation to take the facts to be those alleged in the special defenses and to construe the defenses in the manner most favorable to sustaining their legal sufficiency." ConnecticutNational Bank v. Douglas, 221 Conn. 530, 536, 606 A.2d 684
(1992).
"The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action." FederalDeposit Ins. Corp. v. Napert-Boyer Part., 40 Conn. App. 434, 445,671 A.2d 1303 (1996). See also Practice Book § 164.
The ground for the plaintiff's motion to strike the special defenses is that the "special [defenses fail] to state a valid defense to a foreclosure action [because they do not attack] the making, validity or enforcement of the [n]ote and [m]ortgage."[2]
"The defenses available in a foreclosure action are payment, discharge, release, satisfaction or invalidity of a lien. . . . In some cases however, [b]ecause a mortgage foreclosure action is an equitable proceeding, the trial court may consider all relevant circumstances to ensure that complete justice is done. . . . Accordingly, courts have permitted defendants to raise certain equitable defenses such as mistake, accident, fraud, equitable estoppel, CUTPA, laches, breach of the implied covenant of good faith and fair dealing, tender of deed in lieu of foreclosure, refusal to agree to a favorable sale to a third party, usury, unconscionability of interest rate, duress, coercion, material alteration, and lack of consideration. . . .
"Equitable special defenses are permitted but they are limited to those which attack the making, validity or enforcement of the lien, rather than some act or procedure of the lienholder. . . . The rationale behind this is that counterclaims and special defenses which are not limited to the making, CT Page 577 validity or enforcement of the note or mortgage fail to assert any connection with the subject matter of the foreclosure action and as such do not arise out of the same transaction as the foreclosure action." (Citations omitted; internal quotation marks omitted.) Monument Realty v. Youmatz,Superior Court, judicial district of Litchfield at Litchfield, Docket No. 071092 (Feb. 18, 1997, Pickett, J.T.R.).
FIRST AND SECOND SPECIAL DEFENSE
The defendant alleges in the first special defense that she entered into, and honored, a repayment agreement with the plaintiff to pay down an existing arrearage. According to the defendant's special defense, following the completion of this repayment agreement, the defendant requested that the plaintiff recalculate the appropriate monthly payment. The plaintiff did not comply with the defendant's request, and also refused to comply with the plaintiff's request for an accounting "as to the status of her account." Further, the plaintiff allegedly "improperly assessed late charges based upon [the higher] monthly payment" and obtained insurance coverage on the plaintiff's property at an "excessive premium."
The defendant concludes that the plaintiff's conduct constitutes a violation of "its obligation of good faith and fair dealing as set forth under [General Statutes] 42a-1-203." The defendant realleges in the second special defense the facts found in the first special defense and states that the plaintiff's conduct "constitutes a violation of the covenant of good faith and fair dealing implicit in the [parties' agreements]."
None of the claims made in the defendant's first and second special defense attack the making, validity or enforcement of the note. Rather, the defendant's special defenses attack the acts of the plaintiff during the course of their relationship. These are improper defenses to a foreclosure action. The first and second special defenses are legally insufficient. Therefore, the plaintiff's motion to strike the first and second special defense is granted.
THIRD SPECIAL DEFENSE
The defendant also realleges the facts discussed above in her third special defense. The defendant adds that the "representations made by [the p]laintiff . . . were intended to CT Page 578 induce [the defendant] to make substantial payments over a short period of time to cure a default in order to reinstate the loan in good standing." The defendant further alleges that she relied on the plaintiff's representation and was thereby damaged. Therefore, the defendant concludes that the "plaintiff should be equitably estopped from proceeding with this action."
"Equitable estoppel has been recognized as a defense in a foreclosure action. . . . Successful assertion of the doctrine of equitable estoppel requires proof of two elements: (1) a statement or action by the party against whom estoppel is claimed designed to induce reliance on that statement or action; and (2) a changed position by the second party in reliance on the act or statement of the first that results in loss or injury to the second party. . . . For estoppel to exist, there must be misleading conduct resulting in prejudice to the other party. . . . Moreover, equitable estoppel defenses are limited to those which attack the making, validity or enforcement of the lien." (Citations omitted; internal quotation marks omitted.)Rinere v. M. Kalfus Building Design, Superior Court, judicial district of New Haven at New Haven, Docket No. 38822l0 (Jan. 30, 1997, Celotto, S.T.R.).
In the present case, the defendant has properly alleged the requisite elements of equitable estoppel. This special defense, however, is not directed at the making, validity or enforcement of the note. Instead, the defendant is attacking the actions of the plaintiff which occurred during the course of their relationship. The third special defense is legally insufficient. Therefore, the plaintiff's motion to strike the third special defense is granted.
COUNTERCLAIM
"A motion to strike tests the legal sufficiency of a cause of action and may properly be used to challenge the sufficiency of a counterclaim." Fairfield Lease Corp. v. Romano's Auto Service,4 Conn. App. 495, 496, 495 A.2d 286 (1985).
"Practice Book § 116 provides, in pertinent part, any defendant may file counterclaims against any plaintiff. provided that such counterclaim and cross-claim arises out of the transaction or one of the transactions which is the subject of the plaintiff's complaint. The test is whether judicial economy, avoidance of multiplicity of litigation, and avoidance of piecemeal disposition of what is essentially one action, are CT Page 579 thwarted rather than served by the filing of a [counterclaim]. A court must consider whether a substantial duplication of effort would result if each claim was decided separately . . . ." SourceOne v. Dziurzynski, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 145337 (May 22, 1996, Hickey, J.).
"An analysis of those cases recognizing . . . counterclaims [to foreclosure actions] suggest that they are proper only when they . . . attack the note itself, rather than some act or procedure by the mortgagor. . . . Courts have not been receptive to foreclosure defendants who have asserted defenses and counterclaims based on factors outside of the note or mortgage . . . ." (Citations omitted; internal quotation marks omitted.) Source One v. Dziurzynski, supra, Superior Court, Docket No. 145337.
FIRST COUNT
The first count realleges the facts found in the special defenses and states that this conduct amounts to a violation of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a et seq. Additionally, in the same count, the defendant claims that the plaintiff is not licensed under General statutes § 36a-486 to make mortgage loans in Connecticut.[3] The defendant concludes that a violation of General Statutes § 36a-486 is "a per se violation of [CUTPA]."
The plaintiff moves to strike the first count of the defendant's counterclaim on the ground that it does "not arise out of the same transaction as the complaint."[4]
Count one of the counterclaim encompasses two separate causes of action. The first cause of action is a violation of CUTPA based on the facts alleged in the special defenses. As already discussed, these facts do not attack the note itself. Therefore, these facts do not comprise a legally sufficient counterclaim to a foreclosure action. The second action is grounded in a violation of CUTPA based on the plaintiff's alleged failure to obtain a license to make mortgage loans.
"If any part of a count states a legally sufficient cause of action, then that count is not subject to a motion to strike. . . . Where[,] as here[,] two causes of action are combined CT Page 580 in the same count, both will survive even though one might not otherwise state a cause of action if it had been pleaded in a separate count. The proper way to cure combining separate causes of action in one count is by a request to revise rather than a motion to strike." Bouchette v. Mercedes Benz, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 150339 (Feb. 6, 1997, Ryan, J.).
The defendant's second cause of action is grounded in a legal conclusion that a violation of General Statutes § 36a-486 is "a per se violation of [CUTPA]." The court is unable to find authority for this proposition. Nevertheless, the court is constrained to consider only the ground asserted by the plaintiff in its motion to strike: that the CUTPA claim does "not arise out of the same transaction as the complaint." See Meredith v. PoliceCommissioner, 182 Conn. 138, 141, 438 A.2d 27 (1980).
The court agrees with the plaintiff that this portion of count one does not arise out of the transaction alleged in the complaint. The only transaction alleged in the plaintiff's complaint is the making of the note itself. The actions of which the defendant complains, as currently pleaded, comprise an issue which is collateral to the making of the note. Therefore, neither cause of action asserted in count one is legally sufficient. The plaintiff's motion to strike count one of the counterclaim is granted.
SECOND COUNT
The defendant alleges in the second count of the counterclaim that the plaintiff's conduct alleged in the special defenses "constitutes a [breach] of the [r]epayment [a]greement." The plaintiff correctly moves to strike the second count of the defendant's counterclaim on the ground that it does "not arise out of the same transaction as the complaint."
The second count is improperly brought as a counterclaim to the foreclosure action. The motion to strike the second count of the counterclaim is granted.
HICKEY, J.