[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE:MOTION TO STRIKE (DOCKET ENTRY NO. 103)
The plaintiff, People's Bank, filed a one-count complaint against the defendant, Vince I. Scarpetti, on July 21, 1997. The plaintiff alleges that the defendant has an outstanding balance CT Page 1444 on a credit card account with the plaintiff of $5,559.45, which is over one hundred twenty days past due, and is therefore liable to the plaintiff for costs of collection and attorney's fees.
The defendant filed an answer and special defenses on August 19, 1997, asserting that the outstanding charges are the result of unauthorized use of the credit card, that the charges were not incurred by the defendant and any credit card bills generated do not bear the defendant's signature.
On November 3, 1997, the plaintiff filed a motion to strike the defendant's special defenses on the ground that the defendant waived his right to assert such defenses pursuant to the Consumer Credit Protection Act, 15 U.S.C. § 1631 et seq. The defendant filed an objection to the motion to strike on November 26, 1997, raising both procedural and substantive issues. The matter was heard by the court on January 20, 1998.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff. . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Citations omitted; internal quotation marks omitted.) Faulkner v. United Technologies Corp.,240 Conn. 576, 580, 693 A.2d 293 (1997) "A motion to strike is the proper vehicle by which to contest the legal sufficiency of any special defense contained in an answer to the complaint."Doran v. Waterbury Parking Authority, 35 Conn. Sup. 280, 281,408 A.2d 277 (1979).
The plaintiff has argued that the defendant's special defenses of unauthorized use of the charge account should be struck, because the defendant failed to notify the plaintiff in writing of any billing error under 15 U.S.C. § 1666 within sixty days of the statement. The plaintiff also contends that the defendant never reported the credit card as lost or stolen, and that the defendant was aware of the charges shortly after they were incurred, but never notified the plaintiff in writing of the discrepancy, and orally gave notice only after the account was several months delinquent. In addition, the plaintiff argues, the defense raised by the defendant that he did not sign the credit card slips should be struck, since not all vendors require CT Page 1445 the card user to sign for the purchase.
The defendant first argues that the plaintiff's motion to strike should be denied because it was not filed within fifteen days from the date the defendant filed the answer and special defenses, as provided for by Practice Book § 114. Further, the defendant argues that the motion to strike is improper because it is a speaking motion to strike. He [the defendant] also argues that whether the defendant was required to comply with the Consumer Credit Reporting Act (Act) and did not comply with the Act are factual allegations which are outside of the plaintiff's pleadings. Finally, the defendant urges that the Act at § 1666(a) does not impose any affirmative duties on the debtor to report billing discrepancies in writing, but only mandates the procedures to be followed by creditors if such notice is given.
Practice Book § 114 states in pertinent part: "[P]leadings, including motions and requests addressed to the pleadings, shall first advance within thirty days from the return day, and any subsequent pleadings, motions and requests shall advance at least one step within each successive period of fifteen days from the preceding pleading or the filing of the decision of the court thereon. . . ."
"The enforcement of the time limitation, contained in § 114, is by motion for default or nonsuit as prescribed by Practice Book §§ 351-371. . . . Although [the defendant] claims that [the plaintiff's] motion to strike does not conform to the standards governing a motion to strike; he nevertheless responds to each of [the plaintiff's] grounds for striking his complaint." Margolisv. Sweet Life Foods. Inc., Superior Court, judicial district of New Haven at New Haven, Docket No. 34 50 04 (October 29, 1993) (Meadow, S.T.R.). In Margolis, the court overlooked the fact that the motion to strike was filed forty days after the amended complaint, and addressed the merits of the motion to strike. Here, although approximately seventy-five days have elapsed since the defendant's special defenses were filed and the plaintiff filed the subject motion to strike, the court may reach the merits of the motion, since each party has submitted arguments on the matter.
As stated previously, the defendant argues that the plaintiff's motion is a speaking motion to strike. In deciding the motion to strike, the court is "limited . . . to a consideration of the facts alleged in the [pleadings]. A CT Page 1446 `speaking' motion to strike (one imparting facts outside the pleadings) will not be granted." Doe v. Marselle,38 Conn. App. 360, 364, 660 A.2d 871 (1995). Here, the pertinent pleadings are the affirmative defenses filed by the defendant, by which the defendant alleges that the subject charges were incurred through unauthorized use of his credit card. The affirmative defenses do not include any reference to 15 U.S.C. § 1631 et seq. or any other statute. Nevertheless, in order to defend against the defendant's affirmative defenses, the plaintiff may move to strike those defenses based upon 15 U.S.C. § 1666. In doing so, the plaintiff has not asserted the existence of facts outside of the pleadings, but rather has attempted to counter the allegations made in the affirmative defenses. The court concludes, however, that this attempt is without avail.
The plaintiff relies on 15 U.S.C. § 1666 (a), entitled "Correction of Billing Errors", which states:
 "If a creditor, within sixty days after having transmitted to an obligor a statement of the obligor's account in connection with an extension of consumer credit, receives . . . a written notice . . . from the obligor . . . the creditor shall . . . make appropriate corrections in the account of the obligor . . . or . . . send a written explanation or clarification to the obligor . . . ." The term "billing error" is defined in § 1666(b)(1) as "[a] reflection on a statement of an extension of credit which was not made to the obligor. . . ."
The court finds that § 1666 does not require a defendant to allege that he provided, or to provide, written notice of theft or loss of a credit card in order to assert unauthorized use by others as a special defense. Rather, § 1666(a) provides the required procedure a creditor is to follow when and if an obligor voluntarily provides timely written notice of an error on a credit statement.
Accordingly, the plaintiff's motion to strike the special defenses of the defendant is denied.
SKOLNICK, J.