[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The plaintiffs, Gregory and Susan Mason, filed a complaint alleging that the defendants, Kevin Smith, Walter Morgan and U.S. Tank Tech, Inc., inspected and improperly passed the inspection of an underground oil storage tank located on a property that the plaintiffs were interested in purchasing. According to the plaintiffs' allegations, approximately one year following the inspection, and after the plaintiffs purchased the property, they discovered that the underground storage tank was leaking fuel oil. The fuel oil contaminated the surrounding soil. CT Page 2994
The defendants', in their third special defense, claim that the plaintiffs' action is barred by the two year statute of limitations embodied in General Statutes § 52-577c(b). The plaintiffs have filed a motion to strike the defendants' third special defense "for the reasons set forth in [their] memorandum of law." The defendants have not filed an opposition to the motion.
As an initial matter, the court notes that "[b]ecause the [plaintiffs] did not specify the distinct reasons for the claimed insufficiency of the [defendants' special defense] in its motion, the motion [is] `fatally defective' under Practice Book § 154 notwithstanding the [plaintiffs'] inclusion of such reasons in its supporting memorandum." (Emphasis added.) Bouchard v.People's Bank, 219 Conn. 465, 473 n. 4, 594 A.2d 1 (1991). However, the court will "consider the [plaintiffs'] motion in the form presented to the trial court due to the [defendants'] failure to object to its form and the nonjurisdictional nature of [Practice Book § ] 154." Id.
"A motion to strike is the proper vehicle by which to contest the legal sufficiency of any special defense contained in an answer to the complaint." Doran v. Waterbury Parking Authority,35 Conn. Sup. 280, 281, 408 A.2d 277 (1979). "In its ruling on the [plaintiffs'] motion to strike, the trial court [has an] obligation to take the facts to be those alleged in the special defense and to construe the defenses in the manner most favorable to sustaining their legal sufficiency." Connecticut National Bankv. Douglas, 221 Conn. 530, 606 A.2d (1992).
"The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the [plaintiffs have] no cause of action."Federal Deposit Ins. Corp. v. Napert-Boyer Part.,40 Conn. App. 434, 445, 671 A.2d 1303 (1996). See also Practice Book § 164.
General Statutes § 52-577c(b) states: "Notwithstanding the provisions of sections 52-577 and 52-577a, no action to recover damages for personal injury or property damage caused by exposure to a hazardous chemical substance or mixture or hazardous pollutant released into the environment shall be brought but within two years from the date when the injury or damage complained of is discovered or in exercise of reasonable care should have been discovered." CT Page 2995
In order for General Statutes § 52-577c to apply to a cause of action the "action must involve injury caused by exposure to a hazardous chemical substance or mixture or hazardous pollutant." (Internal quotation marks omitted.) Sharpv. Wyatt. Inc., 31 Conn. App. 824, 854, 627 A.2d 1347 (1993), aff'd, 230 Conn. 12, 664 A.2d 871 (1994). "`Hazardous pollutant' is defined in the statute as `any designated, specified or referenced chemical considered to be a hazardous substance' under Section 101 (14) of [CERCLA] 42 U.S.C. § 9601
(14) . . .' General Statutes § 52-577c(a)(4). The definition of hazardous substance' in CERCLA provides in relevant part: `The term [hazardous substance] does not include petroleum, including crude oil or any fraction thereof which is not otherwise specifically listed or designated as a hazardous substance under subparagraphs (A) through (F) of this paragraph . . .' 42 U.S.C. § 9601
(14) (1994). This provision is commonly referred to as the petroleum exclusion." Doty v. Mucci, 238 Conn. 800, 806,679 A.2d 945 (1996).
The negligence count states that sometime following the inspection, "the [p]laintiffs discovered that the underground storage tank was leaking . . . and fuel oil was discovered to have contaminated the surrounding soil, the underground water table and had seeped through the foundation of said premises causing substantial damage to the property and residence. . . ."
The plaintiffs' action is premised on the leakage of fuel oil. Fuel oil is not "a hazardous chemical substance or mixture or hazardous pollutant" as defined by General Statutes § 52-577c, and therefore that statute does not apply to the present case.
The defendants' third special defense is legally insufficient when read in conjunction with the plaintiffs' complaint. The plaintiffs' motion to strike the defendants' special defense, therefore, is granted.
D'ANDREA, J.