[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
The plaintiff, Sharon McDermott, filed a two-count amended complaint against Calvary Baptist Church and the Town of Darien. In the remaining count against Darien, the plaintiff alleges that she was severely injured when she was struck by a falling tree branch while walking away from her car in a municipal parking lot. According to the plaintiff, the defendants were negligent in failing to properly care for the tree and in failing to maintain the municipal parking lot.[1]
The defendant Town of Darien has now filed a motion for summary judgment based on five grounds: 1) the plaintiff's failure to name a municipal employee as a defendant or cite a specific section abrogating the municipality's general grant of CT Page 1431 common law governmental immunity; 2) the municipality was engaged in a discretionary and public governmental duty and is immune from liability by operation of the common law of governmental immunity; 3) the municipality was engaged in a discretionary and public governmental duty and is immune from liability by operation of C.G.S. § 52-557n(a)(2); 4) the condition that injured the plaintiff was caused by the act or omission of another, and as such the defendant municipality is immune from liability by operation of C.G.S. § 52-557n(b)(6); and 5) the defendant municipality is not liable for failure to inspect property or improvements on property not owned or maintained by the municipality, and as such is immune from liability by operation of C.G.S. § 52-557n(b)(8).
The plaintiff objects to all these grounds and argues that there are genuine issues of material fact which preclude the granting of summary judgment at the present time.
Practice Book § 384 [now Practice Book (1998 Rev.) § 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. . . ." (Citations omitted; internal quotation marks omitted.) Hertz Corp. v. Federal Ins. Co., 245 Conn. 374, 380-81,713 A.2d 820 (1998).
The defendant argues that the evidence before the court clearly shows that there is no genuine issue material factual issue before the court. The defendant primarily relies on the fact that the fallen branch did not fall from a tree on the municipality's property, but rather fell from a tree adjoining the parking lot, but situated on private property belonging to Calvary Baptist. The defendant argues that the failure to remove a tree limb overhanging public property does not create a private actionable duty, but rather is a duty to be performed at the discretion of the tree warden and thus involves common law CT Page 1432 governmental immunity. See Amos v. Strickland, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 564328 (April 2, 1997, Hennessey, J.); see also General Statutes § 23-59.[2] Because the plaintiff is not an identifiable person subject to an imminent harm, defendant urges that none of the exceptions to this immunity apply and the plaintiff cannot maintain this lawsuit against the town. Because the branch that injured the plaintiff fell from an over hanging tree that was not on the town's property, the town maintains it is immune from suit because the act or omission complained about was that of a third party and that, without actual notice, the municipality did not have the duty to inspect the tree.
While the defendant focuses its argument on the location of the tree, the plaintiff argues that there are material questions of fact, not as to whether the tree is on the municipality's property, but rather, nonetheless, did the municipality have a non-discretionary duty in maintaining the parking lot. The defendant argues that it is the law of the case that the municipality does have a duty to maintain the parking lot and that there are material questions of fact as to the nature of this duty.
As creatures of the state, town and cities have no sovereign immunity from suit. Murphy v. Ives, 151 Conn. 259, 264,196 A.2d 596 (1963). They do enjoy a limited governmental immunity from liability when engaged in governmental functions; Couture v.Board of Education, 6 Conn. App. 309, 312, 505 A.2d 432 (1986); but not for proprietary functions unrelated to municipal status as representative of the state and not for ministerial acts. SeeR.A. Civitello Co. v. New Haven, 6 Conn. App. 212, 504 A.2d 542
(1986). Where engaged in discretionary governmental acts, municipal officials may be statutorily liable, if a statute imposes such liability on the officer. Gordon v. BridgeportHousing Authority, 208 Conn. 161, 167, 544 A.2d 1185 (1988). Ministerial acts involving duties which are to be performed in a prescribed manner without the exercise of judgment or discretion may result in liability due to acts or omissions of municipal employees. Tango v. New Haven, 173 Conn. 203, 205, 377 A.2d 284
(1977).
In her complaint, one of the plaintiff's allegations is that the "defendant Darien failed to maintain the municipal parking lot in a condition safe for patrons using the lot." (Plaintiff's Complaint; April 29, 1998; ¶ 8(h).) Several superior courts CT Page 1433 have found that whether the maintenance of a municipal parking lot is a governmental/discretionary duty is a question of fact.Lakin V. Matties Automotive Service, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 558426, (November 29, 1996, Sullivan, J.); Vincent v. Town of New Canaan, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 118653 (April 1, 1992, Rush, J.). A municipality's provision of parking could constitute a proprietary function which does not grant the municipality immunity from suit. See Doran v. Waterbury Parking Authority,35 Conn. Sup. 280, 281-82, 408 A.2d 277 (1979).
Whether the duty to maintain a municipal parking lot is the exercise of a municipalities' governmental/discretionary function or rather a proprietary function involves several questions of fact, such as whether parking fees were charged, whether the town covers part or all of its costs and expenses or conversely whether the lot generates a profit; whether the lot is operated for the comfort and convenience of the citizens, thereby providing a "corporate benefit", or conversely whether it is in the fulfillment of a governmental function related to the health, safety and welfare of the public at large. See Lakin v. MattiesAutomotive Service, supra, Superior Court, Docket No. 558426.
In the present case, neither party has submitted any evidence as to the nature of the municipal parking lot. Where immunity is claimed as the basis of legal insufficiency of a complaint it is the movant's burden to show that the immunity applies. If evidence at trial shows that maintaining the parking lot is a proprietary function of the municipality, then the defendant would have the same duties as would a private possessor of property and would have the duty to inspect the property and warn any invitees of possible danger.
Since it was the defendant's obligation on the motion for summary judgment to show that it is quite clear what the truth is, the motion for summary judgment is denied.
_________________ FLYNN, J.