[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION TO STRIKE
 I. FACTS
On October 17, 1996, the plaintiff, Fleet Mortgage, filed a complaint against Evangelos Akavalos and Terry Akavalos (hereinafter the "defendants"),[1] seeking foreclosure of a mortgage, immediate possession of the mortgaged property, a deficiency judgment, appointment of a receiver and reasonable attorney's fees and costs.
According to the complaint, the plaintiff is an assignee of a note and mortgage executed by the defendants to the Comfed Mortgage Company. The defendants allegedly mortgaged property CT Page 6705 located at 20 Dean Road, East Lyme, Connecticut, to Comfed in exchange for $121,500. Through various subsequent assignments, the plaintiff now allegedly holds and owns the note and mortgage.
The plaintiff alleges that the defendants have an unpaid balance of $111,060.91 in principal, plus interest and late charges from September 1, 1995 to present and continuing. The plaintiff also alleges that it has exercised its option to declare the entire balance due and payable.
On November 12, 1998, the defendants filed their answer and two special defenses to the plaintiff's complaint. Their first special defense alleges that the plaintiff improperly administered the defendants' account by: (1) failing to properly calculate the indebtedness; (2) failing to accept payments made in a timely fashion; (3) failing to properly credit payments; and (4) misapplying payments made and failing to account for payments made. Their second special defense alleges that the plaintiff, "in accepting payments and through other conduct, has waived its right to accelerate the indebtedness."
On January 25, 1999, the plaintiff filed a motion to strike both of the defendants' special defenses. The defendants timely filed a memorandum in opposition, and both parties filed reply memoranda. This court heard oral argument at short calendar on February 22, 1999.
 II. DISCUSSION
"A motion to strike is the proper vehicle by which to contest the legal sufficiency of any special defense contained in an answer to the complaint." Doran v. Waterbury Parking Authority,35 Conn. Sup. 280, 281, 408 A.2d 277 (1979); Practice Book § 10-39(a)(5). "In its ruling on the [plaintiff's] motion to strike, the trial court [has an] obligation to take the facts to be those alleged in the special defenses and to construe the defenses in the manner most favorable to sustaining their legal sufficiency." Connecticut National Bank v. Douglas,221 Conn. 530, 536, 606 A.2d 684 (1992).
"The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action." Grant v.Bassman, 221 Conn. 465, 472-73, 604 A.2d 814 (1992); Practice Book § 10-50. CT Page 6706
The grounds for the plaintiff's motion to strike are twofold: (i) the special defenses are not valid defenses to a foreclosure action because they fail to attack the making, validity or enforcement of the note and mortgage; and (ii) the special defenses are mere legal conclusions and fail to allege supporting facts. The defendants argue in opposition that their special defenses allege sufficient facts showing: (i) that the plaintiff has failed to administer the account properly; and (ii) that the plaintiff has waived its right to accelerate the debt. These special defenses, the defendants argue, directly affect the enforceability of the note and mortgage.
"The traditional defenses available in a foreclosure action are payment, discharge, release, satisfaction or invalidity of a lien. . . . In recognition that a foreclosure action is an equitable proceeding, courts have allowed [inter alia] mistake, accident, fraud, equitable estoppel. . . . While courts have recognized equitable defenses in foreclosure actions, they have generally only been considered proper when they attack themaking, validity or enforcement of the lien, rather than some act or procedure of the lienholder. . . ." (Citations omitted; internal quotation marks omitted; emphasis added.) Dime SavingsBank v. Albir, Superior Court, judicial district of Stamford/Norwalk, Docket No. 132582 (February 7, 1995, D'Andrea, J.). "Courts have not been receptive to foreclosure defendants who have asserted defenses . . . based on factors outside of the note or mortgage." (Internal quotation marks omitted.) HomeSavings of America. Inc. v. Newkirk, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 150962 (January 5, 1998, Hickey, J.).
 A. FIRST SPECIAL DEFENSE
The first special defense alleges that the plaintiff improperly administered the account by allegedly: (1) failing to properly calculate the indebtedness; (2) failing to accept payments made in a timely fashion; (3) failing to properly credit payments; and (4) misapplying payments made and failing to account for payments made.
These allegations do not attack the making, validity or enforcement of the note or mortgage. Equitable defenses to a foreclosure action are only proper when they attack the note itself, rather than some act or omission by the mortgagee. See CT Page 6707Great Western Bank v. McNulty, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 139799 (March 15, 1995, D'Andrea, J.). Here, the defendants essentially claim that the plaintiff erroneously concluded that the account is in default because of miscalculations and improperly withholding credits. "Miscalculat[ions] [of] the amount of interest and other charges for which the defendants are allegedly liable. . . . [do] not amount to an equitable defense which may be raised in a foreclosure action." Ali Inc. v. Veronneau, Superior Court, judicial district of Waterbury, Docket No. 126431 (October 11, 1996, Kulawiz, J.) (17 Conn. L. Rptr. 677). If the defendants prove these allegations, they would only be successful in contesting the amount of the debt; see F.D.I.C. v. Brunetti, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 294979 (March 31, 1993, Fuller, J.) ("Proper calculation of the mortgage debt . . . does not require a special defense"); not the making, validity or enforcement of the note itself.
The defendants urge this court to consider the holding inDime Savings Bank v. Wu, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 107621 (November 25, 1991, Rush, J.) (7 C.S.C.R. 93). In that case, the court refused to strike a special defense which alleged that the mortgagee "improperly, negligently and erroneously calculated the paymentsdue under the mortgage." (Emphasis added.) Dime Savings Bank v.Wu, supra, 7 C.S.C.R. 93. Notably, the defendants incorporated by reference factually specific allegations from another special defense which related to the mortgagee's inducing the defendants to agree to the note and mortgage based upon a certain interest rate index. In conjunction with those allegations, the defendants' special defense essentially alleged that the mortgagee was erroneous in calculating the actual payments due
under the mortgage. The court held that such an allegation may justify "withholding of foreclosure or a reduction in the stated indebtedness." Dime Savings Bank v. Wu, supra, 7 C.S.C.R. 93.
In the present case, the defendants do not allege any act on the part of the plaintiff which induced the defendants to agree to the note and mortgage based upon a particular interest rate index. Moreover, they do not allege that the plaintiff miscalculated the payments due under the mortgage. Rather, the defendants in the present case merely allege, without any underlying factual specificity as found in Dime Savings Bank v.Wu, supra, that the stated indebtedness is incorrect, and that CT Page 6708 the plaintiff improperly withheld credits to the account. As stated previously, this special defense affects the amount of the debt, which is more appropriately raised as a general denial.
Accordingly, the motion to strike the first special defense is granted.
 B. SECOND SPECIAL DEFENSE
The second special defense alleges that the plaintiff waived its right to acceleration by accepting payments. The defense of waiver is permissible in a foreclosure action, provided that the defense addresses the making, validity or enforcement of the note or mortgage. See Southbridge Association v. Garofalo, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 339031 (October 7, 1997, West, J.); Berkeley Federal Bank Trustv. Rotko, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 318648 (January 25, 1996, West, J.);Security Pacific National Trust Co. v. Rolny, Superior Court, judicial district of Litchfield, Docket No. 065267 (July 31, 1995, Pickett, J.); People's Bank v. Perkins, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 310482 (November 3, 1994, Ballen, J.); The Glastonbury Bank TrustCo. v. Corbett Construction Co., Superior Court, judicial district of New London, Docket No. 521355 (October 15, 1992, Walsh, J.) (7 Conn. L. Rptr. 519, 520). Our Supreme Court has held that inconsistent conduct on the part of the mortgagee, such as previously accepting late payments, may amount to a waiver of the right to accelerate the debt. See Christensen v. Cutaia,211 Conn. 613, 619-20, 560 A.2d 456 (1989. Because the mortgagee's right to accelerate the debt is a necessary prerequisite to maintaining its foreclosure action; see Hartford Federal Savings Loan Assn. v. Tucker, 196 Conn. 172, 180, 491 A.2d 1084 (1985) ("institution of a foreclosure action constitutes a valid exercise of a mortgagee's acceleration rights"); CiticorpMortgage, Inc. v. Porto, 41 Conn. App. 598, 603, 677 A.2d 10
(1996) ("notice of acceleration is a necessary condition precedent to an action for foreclosure"); it logically follows that the defense of waiver is a valid special defense to a foreclosure action.
"In order for [a mortgagee] to have waived its right to foreclosure, there would have to be an intentional relinquishment of that right on their part. Such relinquishment may be implied if the circumstances deem reasonable to do so. . . . The conduct CT Page 6709 of both parties is relevant in determining whether there has been a waiver." (Citations omitted.) Milford Bank v. Barbieri, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 043315 (August 30, 1994, Curran, J.).
The defendants allege that the plaintiff accepted payments. Construing this allegation in the light most favorable to sustaining its legal sufficiency, this court finds that the second special defense alleges sufficient facts to demonstrate the plaintiff's waiver of its right to accelerate the debt due. If proven, this defense would certainly affect the plaintiff's right to enforce the note. On the other hand, if the plaintiff proves the existence of a non-waiver clause as in Christensen v.Cutaia, supra, then this defense would fail.[2] As pleaded, however, this special defense is legally sufficient.
Accordingly, the motion to strike the second special defense is denied.
 III. CONCLUSION
The court grants the motion to strike with respect to the first special defense, and denies the motion as to the second special defense.
Martin, J.