[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION TO STRIKE SPECIAL DEFENSE (#112)
This action arises out of an alleged motor vehicle accident which occurred on December 18, 1997. Seth Tine and Colton Tine, both minors, were passengers in their father, Dean Tine's, automobile when a car driven by Melinda Mallory allegedly veered into the lane in which Dean Tine was travelling and caused a collision. Colton Tine and Dean Tine sustained injuries, while Seth Tine and Melinda Mallory have both died as a result of this accident.
The mother of the two children, Robin Tine, now brings this action as Administratrix of the Estate of Seth Tine, and as Parent and Next Friend of Colton Tine, against the defendant, Kent Baker, in his capacity as Administrator of the Estate of CT Page 12392 Melinda Mallory.
This court has granted the defendant's motion to implead Dean Tine as a third-party defendant, and the defendant has accordingly filed a third-party complaint and a complaint for apportionment. The defendant has also filed an answer and one special defense to the complaint. In his special defense, the defendant asserts that any injuries sustained by the plaintiffs were caused by the conduct of Dean Tine, and, therefore, the jury should be allowed to apportion liability between Dean Tine and the defendant.
The plaintiff now moves to strike the defendant's special defense on the grounds that it is legally insufficient and redundant. The defendant argues in opposition that Practice Book § 10-51 affords a basis by which he may assert his special defense and, further, that he is entitled to allege the primary or active negligence of another party in his special defense.
"A motion to strike is the proper vehicle by which to contest the legal sufficiency of any special defense contained in an answer to the complaint." Doran v. Waterbury Parking Authority,35 Conn. Sup. 280, 281, 408 A.2d 277 (1979); Practice Book §10-39(a)(5). "In . . . ruling on the [plaintiff's] motion to strike, the trial court [has an] obligation to take the facts to be those alleged in the special defenses and to construe the defenses in the manner most favorable to sustaining their legal sufficiency." Connecticut National Bank v. Douglas,221 Conn. 530, 536, 606 A.2d 684 (1992). In the present case, the defendant alleges in his special defense that any injuries sustained to the plaintiffs were caused by the conduct of the father of the two minors, Dean Tine. Specifically, the defendant alleges that Dean Tine: (i) did not properly watch for other vehicles; (ii) did not keep his own vehicle under control; and (iii) violated General Statutes § 14-257(a) for allowing more than two passengers in his vehicle.
"The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action." (Internal quotation marks omitted.) City v. Dana InvestmentCorp. , 249 Conn. 1, 17, ___ A.2d ___ (1999).
It is readily apparent that the defendant's special defense attempts to demonstrate that another party, Dean Tine, was CT Page 12393 responsible for the plaintiffs' injuries. This same purpose is achieved by way of the plaintiff's complaint for apportionment against Dean Tine. See General Statutes § 52-572h. Moreover, a simple denial to the plaintiff's complaint concerning causation of plaintiffs' injuries will also satisfy the purpose of this special defense. See Scott v. Foltz, Superior Court, judicial district of New London at New London, Docket No. 543218 (December 16, 1998, Mihalakos, J.) ("special defense could be stricken on the basis that the claim [of causation] should be proved under a general denial"); Feer v. Santini, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 531207 (June 13, 1997, Sullivan, J.) (19 Conn. L. Rptr. 612) ("the claim that the parents actions were the cause of the injuries is merely another way of denying the plaintiff's claim of proximate cause against the defendant, and hence is unnecessary, superfluous, and does not comport with the provisions of Practice Book Section 164 [now § 10-50]"). Contrary to the defendant's assertion, neither Practice Book § 10-50 nor § 10-51 provides a procedural or legal right to frame his special defense in the present manner. "A claim that another person is the proximate cause of an injury should be introduced by a general denial and not pleaded as a special defense." (Internal quotation marks omitted.) Cunninghamv. Chainsaws Unlimited, Superior Court, judicial district of Litchfield at Litchfield, Docket No. 054001 (June 30, 1992, Pickett, J.).
Because the court finds that the special defense is redundant, superfluous and unnecessary, the special defense should be stricken on this ground; and the court need not address the plaintiff's remaining ground for striking the special defense.
Accordingly, the motion to strike is granted.
Mihalakos, J.